Fill in this information to identify the case:

United States Bankruptcy Court for the:

Southern District of New York
(State)

Case number (*If known*): _____ Chapter 11

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy  04/20

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

1. **Debtor's name**  MatlinPatterson Global Opportunities Partners II L.P.

2. **All other names debtor used in the last 8 years**
   Include any assumed names, trade names, and *doing business as* names

3. **Debtor's federal Employer Identification Number** (EIN)  20-0028284

4. **Debtor's address**

   **Principal place of business**
   600 Fifth Avenue
   Number   Street
   22nd Floor
   New York   NY   10022
   City   State   ZIP Code

   New York
   County

   **Mailing address, if different from principal place of business**
   _____
   Number   Street
   _____
   P.O. Box
   _____
   City   State   ZIP Code

   **Location of principal assets, if different from principal place of business**
   _____
   Number   Street
   _____
   _____
   City   State   ZIP Code

5. **Debtor's website** (URL)  n/a

| Debtor | MatlinPatterson Global Opportunities Partners II L.P. | Case number (*if known*)_____ |
|---|---|---|
| | Name | |

6. **Type of debtor**
   - ☐ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
   - ☑ Partnership (excluding LLP)
   - ☐ Other. Specify: _____

7. **Describe debtor's business**

   A. *Check one:*
   - ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
   - ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
   - ☐ Railroad (as defined in 11 U.S.C. § 101(44))
   - ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
   - ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
   - ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
   - ☑ None of the above

   B. *Check all that apply:*
   - ☐ Tax-exempt entity (as described in 26 U.S.C. § 501)
   - ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
   - ☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

   C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .
   5 2 5 9

8. **Under which chapter of the Bankruptcy Code is the debtor filing?**

   A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

   *Check one:*
   - ☐ Chapter 7
   - ☐ Chapter 9
   - ☑ Chapter 11. *Check all that apply*:
     - ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
     - ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
     - ☑ A plan is being filed with this petition.
     - ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).
     - ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.
     - ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.
   - ☐ Chapter 12

Debtor  MatlinPatterson Global Opportunities Partners II L.P.    Case number (if known) _____
      Name

9. **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

   If more than 2 cases, attach a separate list.

   ☑ No
   ☐ Yes.  District _____ When ___/___/_____ Case number _____
                                         MM / DD / YYYY
           District _____ When ___/___/_____ Case number _____
                                         MM / DD / YYYY

10. **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

    List all cases. If more than 1, attach a separate list.

    ☐ No
    ☑ Yes.  Debtor  See Attachment A        Relationship  Affiliates
            District  Southern District of New York   When ___/___/_____
                                                           MM / DD / YYYY
            Case number, if known _____

11. **Why is the case filed in *this district*?**

    Check all that apply:

    ☑ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

    ☑ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

12. **Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

    ☑ No
    ☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

    **Why does the property need immediate attention?** (*Check all that apply.*)

    ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
      What is the hazard? _____
    ☐ It needs to be physically secured or protected from the weather.
    ☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).
    ☐ Other _____

    **Where is the property?** _____
                               Number    Street
                               _____
                               _____  _____  _____
                               City                        State  ZIP Code

    **Is the property insured?**
    ☐ No
    ☐ Yes. Insurance agency _____
           Contact name     _____
           Phone            _____

**Statistical and administrative information**

| Debtor | MatlinPatterson Global Opportunities Partners II L.P. | Case number (*if known*) _____ |
|---|---|---|
| | Name | |

**13. Debtor's estimation of available funds**

*Check one:*

☑ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

☑ 1-49
☐ 50-99
☐ 100-199
☐ 200-999

☐ 1,000-5,000
☐ 5,001-10,000
☐ 10,001-25,000

☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

**15. Estimated assets**

☐ $0-$50,000
☐ $50,001-$100,000
☐ $100,001-$500,000
☐ $500,001-$1 million

☐ $1,000,001-$10 million
☐ $10,000,001-$50 million
☐ $50,000,001-$100 million
☑ $100,000,001-$500 million

☐ $500,000,001-$1 billion
☐ $1,000,000,001-$10 billion
☐ $10,000,000,001-$50 billion
☐ More than $50 billion

**16. Estimated liabilities**

☐ $0-$50,000
☐ $50,001-$100,000
☐ $100,001-$500,000
☐ $500,001-$1 million

☐ $1,000,001-$10 million
☑ $10,000,001-$50 million
☐ $50,000,001-$100 million
☐ $100,000,001-$500 million

☐ $500,000,001-$1 billion
☐ $1,000,000,001-$10 billion
☐ $10,000,000,001-$50 billion
☐ More than $50 billion

### Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 07/06/2021
MM / DD / YYYY

✘ /s/ Matthew Doheny       Matthew Doheny
Signature of authorized representative of debtor      Printed name

Title Chief Restructuring Officer of General Partner

| | | | |
|---|---|---|---|
| Debtor | MatlinPatterson Global Opportunities Partners II L.P.<br>Name | Case number (*if known*)_____ | |

**18. Signature of attorney**

✗ /s/ Elisha D. Graff  
Signature of attorney for debtor

Date 07/06/2021  
MM / DD / YYYY

Elisha D. Graff  
Printed name

Simpson Thacher & Bartlett LLP  
Firm name

425    Lexington Ave  
Number    Street

New York    NY    10017  
City    State    ZIP Code

212-455-2000    egraff@stblaw.com  
Contact phone    Email address

3945292    New York  
Bar number    State

# ATTACHMENT A

## Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the related entities listed below (collectively, the "***Debtors***"), including the debtor in this chapter 11 case, will file or have filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of New York. Contemporaneously with the filing of their voluntary petitions, the Debtors requested procedural consolidation and joint administration of their chapter 11 cases under the case number assigned to the chapter 11 case of MatlinPatterson Global Opportunities Partners II L.P.

1. MatlinPatterson Global Opportunities Partners II L.P. (20-0028284)
2. MatlinPatterson Global Opportunities Partners (Cayman) II L.P. (20-0028246)
3. MatlinPatterson Global Opportunities Partners (SUB) II L.P. (86-3749209)
4. MatlinPatterson Global Partners II LLC (43-2016962)
5. MatlinPatterson Global Advisers LLC (13-4202931)
6. MatlinPatterson PE Holdings LLC (42-1546900)
7. Volo Logistics LLC (20-3348287)

# ATTACHMENT B

**Written Consent of the General Partner
of MatlinPatterson Global Opportunities Partners II L.P., MatlinPatterson Global Opportunities Partners (Cayman) II L.P. and MatlinPatterson Global Opportunities Partners (SUB) II L.P.**

# WRITTEN CONSENT OF THE GENERAL PARTNER OF
# MATLINPATTERSON GLOBAL OPPORTUNITIES PARTNERS II L.P.,
# MATLINPATTERSON GLOBAL OPPORTUNITIES PARTNERS (CAYMAN) II L.P.
# AND MATLINPATTERSON GLOBAL OPPORTUNITIES PARTNERS (SUB) II L.P.

## July 6, 2021

**WHEREAS**, MatlinPatterson Global Partners II LLC, a Delaware limited liability company, the General Partner (the "**General Partner**") of MatlinPatterson Global Opportunities Partners II L.P., a Delaware limited partnership ("**MP Delaware**"), MatlinPatterson Global Opportunities Partners (Cayman) II L.P., a Cayman Islands exempted limited partnership ("**MP Cayman**"), and MatlinPatterson Global Opportunities Partners (SUB) II L.P., a Delaware limited partnership ("**MP SUB**" and together with MP Delaware and MP Cayman, the "**MP Funds**") hereby adopts the following resolutions of each of the MP Funds, pursuant to (x) the Revised Uniform Delaware Limited Partnership Act and the General Partner's authority to act on behalf of MP Delaware under the Amended and Restated Limited Partnership Agreement of MP Delaware (as amended from time to time, the "**MP Delaware Partnership Agreement**") and MP SUB under the Limited Partnership Agreement of MatlinPatterson Global Opportunities Partners (SUB) II L.P. (as amended from time to time, the "**MP SUB Partnership Agreement**") and (y) the Exempted Limited Partnership Law of the Cayman Islands (2018 Revision) and the General Partner's authority to act on behalf of MP Cayman under the Amended and Restated Limited Partnership Agreement of MP Cayman (as amended from time to time, the "**MP Cayman Partnership Agreement**", and, together with the MP Delaware Partnership Agreement and the MP SUB Partnership Agreement, the "**Partnership Agreements**"), without a meeting of the General Partner, and directs that this Written Consent of the General Partner be filed with the minutes of the respective proceedings of the General Partner;

**WHEREAS**, the term of MP Delaware and MP Cayman expired on September 30, 2013 and the General Partner determined to dissolve MP SUB on May 12, 2021;

**WHEREAS**, the General Partner has appointed MP GOP GP II LLC, a Delaware limited liability company to act as liquidating trustee (the "**Liquidating Trustee**"), pursuant to those certain resolutions of the General Partner, dated October 2, 2018, and those certain resolutions of the General Partner, dated May 12, 2021 to manage the orderly wind up of the affairs of MP Delaware and MP SUB;

**WHEREAS**, the General Partner is currently acting as liquidating trustee to manage the orderly wind up of the affairs of MP Cayman;

**WHEREAS**, notwithstanding the appointment of the Liquidating Trustee, the General Partner retains all powers and authorities not delegated to the Liquidating Trustee and remains authorized under the Partnership Agreements to approve the following resolutions on behalf of each of the MP Funds;

**WHEREAS**, the General Partner has reviewed and has had the opportunity to ask questions of and consult with the management of each of the MP Funds and their legal advisors

regarding the liabilities and liquidity of each of the MP Funds and has had the opportunity to fully consider each of the strategic alternatives available to each of the MP Funds;

**WHEREAS**, in furtherance of the foregoing, the General Partner has determined pursuant to its duties under the Partnership Agreements that it is in the best interests of each of the MP Funds and their limited partners to approve the following resolutions in continuation of the winding up of the affairs and business activities of each of the MP Funds:

**NOW, THEREFORE, BE IT HEREBY**

**I.    Commencement of Chapter 11 Cases**

**RESOLVED**, that the General Partner has determined, after consultation with the management of each of the MP Funds and their legal advisors, that it is desirable and in the best interests of each of the MP Funds, their creditors and other parties in interest that a petition be filed by each of the MP Funds seeking relief under the provisions of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"); and be it further

**RESOLVED**, the General Partner, the Liquidating Trustee or any of their respective officers, including, without limitation, Chief Restructuring Officer of each of the MP Funds, Matthew Doheny (each, an "**Authorized Officer**"), in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed to execute and file in the name and on behalf of each of the MP Funds all petitions, schedules, motions, lists, applications, pleadings, and other papers in the Bankruptcy Court, and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, investment bankers and other professionals, and to take and perform any and all further acts and deeds which such Authorized Officer deems necessary, proper, or desirable in connection with each of the MP Funds' chapter 11 cases (each, a "**Chapter 11 Case**" and, collectively, the "**Chapter 11 Cases**"), including, without limitation, negotiating, executing, delivering and performing any and all documents, agreements, certificates and/or instruments in connection with the transactions and professional retentions set forth in this resolution, with a view to the successful prosecution of each of the Chapter 11 Cases; and be it further

**II.    Retention of Advisors**

**RESOLVED**, that the law firm of Simpson Thacher & Bartlett, LLP, located at 425 Lexington Avenue, New York, New York 10017, is hereby retained as general restructuring counsel for each of the MP Funds in the Chapter 11 Cases, subject to Bankruptcy Court approval; and be it further

**RESOLVED**, that the law firm of Schulte Roth & Zabel, LLP, located at 919 Third Avenue, New York, New York 10022, is hereby retained as conflicts counsel for each of the MP Funds in the Chapter 11 Cases, subject to Bankruptcy Court approval; and be it further

**RESOLVED**, that the firm of Altemis Capital Management LLC, located at 1056 Fifth Avenue, 17th Floor, New York, New York 10028, is hereby retained to provide a chief

financial officer and accounting personnel for each of the MP Funds in the Chapter 11 Cases, subject to Bankruptcy Court approval; and be it further

**RESOLVED**, that the firm of North Country Capital, LLC, located at 215 Washington Street, Suite 0006, Watertown, New York 13601, is hereby retained to provide a chief restructuring officer for each of the MP Funds in the Chapter 11 Cases, subject to Bankruptcy Court approval; and be it further

**RESOLVED**, that the firm of Kurtzman Carson Consultants LLC, located at 2335 Alaska Ave., El Segundo, California 90245, is hereby retained as claims and noticing agent and administrative advisor for each of the MP Funds in the Chapter 11 Cases, subject to Bankruptcy Court approval; and be it further

**RESOLVED**, that each of the Authorized Officers be, and hereby is, authorized and directed to employ any other professionals to assist each of the MP Funds in carrying out their duties under the Bankruptcy Code in the Chapter 11 Cases, and, in connection therewith, each Authorized Officer, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers and fees and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary; and be it further

### III.    General

**RESOLVED,** that any Authorized Officer is hereby authorized, empowered, and directed, in the name and on behalf of each of the MP Funds, to cause each of the MP Funds to enter into, execute, deliver, certify, file and/or record, and perform, such agreements, instruments, motions, affidavits, applications for approvals or rulings of governmental or regulatory authorities, certificates, or other documents, and to take such other actions that in the judgment of the Authorized Officer shall be or become necessary, proper, or desirable in connection with the Chapter 11 Cases; and be it further

**RESOLVED**, that any actions taken by any Authorized Officer, for or on behalf of each of the MP Funds, prior to the date hereof that would have been authorized by these resolutions but for the fact that such actions were taken prior to the date hereof be, and they hereby are, authorized, adopted, approved, confirmed and ratified in all respects as the actions and deeds of each of the MP Funds.

[Signature Page Follows]

IN WITNESS WHEREOF, the undersigned has executed this written consent of the General Partner as of the date first written above.

        MATLINPATTERSON GLOBAL PARTNERS II LLC

        By: *[DocuSigned by: 2ED4589632494A7...]*
        Name: Matt Doheny
        Title: Chief Restructuring Officer

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|   |   |
|---|---|
| In re: | Chapter 11 |
| MatlinPatterson Global Opportunities Partners II L.P., *et al.*, | Case No. 21-_____ (____) |
| Debtors.[1] | (Joint Administration Pending) |

### DEBTORS' CORPORATE OWNERSHIP STATEMENT PURSUANT TO FED. R. BANKR. P. 1007(a)(1) AND LOCAL BANKRUPTCY RULE 1007-3

Pursuant to Rule 1007(a)(1) of the Federal Rules of Bankruptcy Procedure and Rule 1007-3 of the Local Bankruptcy Rules, MatlinPatterson Global Opportunities Partners II L.P., on behalf of itself and certain of its affiliates as debtors in the above-captioned Chapter 11 Case (the "*Debtors*") hereby represents as follows:

*All Debtors – Publicly Traded Securities*

None of the Debtors directly or indirectly owns ten percent (10%) or more of any class of equity of a corporation whose securities are publicly traded.

*MatlinPatterson PE Holdings LLC*

1. 100% of the equity of MatlinPatterson PE Holdings LLC is directly owned by MatlinPatterson LLC.

*MatlinPatterson Global Advisers LLC*

2. 100% of the equity of MatlinPatterson Global Advisers LLC is directly owned by MatlinPatterson PE Holdings LLC.

*MatlinPatterson Global Partners II LLC*

3. 100% of the equity of MatlinPatterson Global Partners II LLC is directly owned by MatlinPatterson PE Holdings LLC.

4. MattlinPatterson Global Partners II LLC owns a partnership interest in, and is the general partner of, MatlinPatterson Global Opportunities Partners II L.P. and MatlinPatterson Global Opportunities Partners (Cayman) II L.P. and MatlinPatterson Global Opportunities Partners (SUB) II L.P., all Debtor entities.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, if any, are: MatlinPatterson Global Opportunities Partners II L.P. (8284); MatlinPatterson Global Opportunities Partners (Cayman) II L.P. (8246); MatlinPatterson Global Partners II LLC (6962); MatlinPatterson Global Advisers LLC (2931); MatlinPatterson PE Holdings LLC (6900); Volo Logistics LLC (8287); MatlinPatterson Global Opportunities Partners (SUB) II L.P. (9209). The location of the Debtors' address is: 600 Fifth Avenue, 22nd Floor; New York, New York 10022.

### *MatlinPatterson Global Opportunities Partners II L.P.*

5. On information and belief, a corporate pension fund owns ten percent (10%) or more of the equity interests of MatlinPatterson Global Opportunities Partners II L.P.[2]

6. On information and belief, no other entity directly or indirectly owns ten percent (10%) or more of the equity interests of MatlinPatterson Global Opportunities Partners II L.P. and, in accordance with Rule 7007.1 of the Federal Rules of Bankruptcy Procedure and Rule 1007-3 of the Local Bankruptcy Rules, and there are no other entities to be disclosed herein.

### *MatlinPatterson Global Opportunities Partners (Cayman) II L.P.*

7. On information and belief, each of (i) a subsidiary of a state-owned corporation and (ii) a foreign pension company owns ten percent (10%) or more of the equity interests of MatlinPatterson Global Opportunities Partners (Cayman) II L.P.[3]

8. On information and belief, no other entity directly or indirectly owns ten percent (10%) or more of the equity interests of MatlinPatterson Global Opportunities Partners (Cayman) II L.P., and, in accordance with Rule 7007.1 of the Federal Rules of Bankruptcy Procedure and Rule 1007-3 of the Local Bankruptcy Rules, there are no other entities to be disclosed herein.

### *MatlinPatterson Global Opportunities Partners (SUB) II L.P.*

9. On information and belief, each of (i) a subsidiary of a state-owned corporation and (ii) a foreign pension company owns ten percent (10%) or more of the equity interests of MatlinPatterson Global Opportunities Partners (SUB) II L.P.[4]

10. On information and belief, no other entity directly or indirectly owns ten percent (10%) or more of the equity interests of MatlinPatterson Global Opportunities

---

[2] Pursuant to various confidentiality arrangements with the limited partners of MatlinPatterson Global Opportunities Partners II L.P., descriptions of the entity that holds ten percent (10%) or more of the equity interests of MatlinPatterson Global Opportunities Partners II L.P. is set forth above instead of the entity's name. The Debtors have filed a motion requesting authority to redact the names and addresses of the limited partners from all documents filed with the court, including this Corporate Ownership Statement. Pursuant to that motion, unredacted copies of this Corporate Ownership Statement will be provided to the Court and the Office of the United States Trustee for the Southern District of New York (the "*U.S. Trustee*").

[3] Pursuant to various confidentiality arrangements with the limited partners of MatlinPatterson Global Opportunities Partners (Cayman) II L.P., descriptions of the two entities that each hold ten percent (10%) or more of the equity interests of MatlinPatterson Global Opportunities Partners (Cayman) II L.P. are set forth above instead of the entity's name. The Debtors have filed a motion requesting authority to redact the names and addresses of the limited partners from all documents filed with the court, including this Corporate Ownership Statement. Pursuant to that motion, unredacted copies of this Corporate Ownership Statement will be provided to the Court and the U.S. Trustee.

[4] Pursuant to various confidentiality arrangements with the limited partners of MatlinPatterson Global Opportunities Partners (Cayman) II L.P., the predecessor of MatlinPatterson Global Opportunities Partners (SUB) II L.P., descriptions of the two entities that each hold ten percent (10%) or more of the equity interests of MatlinPatterson Global Opportunities Partners (SUB) II L.P. are set forth above instead of the entity's name. The Debtors have filed a motion requesting authority to redact the names and addresses of the limited partners from all documents filed with the court, including this Corporate Ownership Statement. Pursuant to that motion, unredacted copies of this Corporate Ownership Statement will be provided to the Court and the U.S. Trustee.

Partners (SUB) II L.P., and, in accordance with Rule 7007.1 of the Federal Rules of Bankruptcy Procedure and Rule 1007-3 of the Local Bankruptcy Rules, there are no other entities to be disclosed herein.

### *Volo Logistics LLC*

11. 100% of the equity of Volo Logistics LLC is directly owned by Oskars Investments Ltd., a non-debtor affiliate of the Debtors. Volo Logistics LLC and Oskars Investments Ltd. are indirectly owned by Debtor entities MatlinPatterson Global Opportunities Partners II L.P. and MatlinPatterson Global Opportunities Partners (Cayman) II L.P.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MatlinPatterson Global Opportunities Partners II L.P., *et al.*, | ) | Case No. 21-_____ (___) |
| | ) | |
| Debtors.[1] | ) | (Joint Administration Pending) |
| | ) | |

# DEBTORS' LIST OF EQUITY SECURITY HOLDERS PURSUANT TO FED. R. BANKR. P. 1007(A)(3)

Pursuant to Rule 1007(a)(3) of the Federal Rules of Bankruptcy Procedure, MatlinPatterson Global Opportunities Partners II L.P., on behalf of itself and certain of its affiliates as debtors in the above-captioned Chapter 11 Cases (the "***Debtors***") hereby represents as follows:

| Debtor | Equity Security Holder(s) | Kind of Interest | Number/% of Interests Held |
|---|---|---|---|
| **MatlinPatterson PE Holdings LLC** | MatlinPatterson LLC | Membership | 100% |
| **MatlinPatterson Global Advisers LLC** | MatlinPatterson PE Holdings LLC | Membership | 100% |
| **MatlinPatterson Global Partners II LLC** | MatlinPatterson PE Holdings LLC | Membership | 100% |
| **MatlinPatterson Global Opportunities Partners II L.P.** | MatlinPatterson Global Partners II LLC | Partnership Interest (General Partner) | 1.14% |
| **MatlinPatterson Global Opportunities Partners II L.P.** | Limited Partners (not listed[2]) | Partnership Interest (Limited Partners) | 98.86% |
| **MatlinPatterson Global Opportunities Partners (Cayman) II L.P.** | MatlinPatterson Global Partners II LLC | Partnership Interest (General Partner) | 1.26% |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, if any, are: MatlinPatterson Global Opportunities Partners II L.P. (8284); MatlinPatterson Global Opportunities Partners (Cayman) II L.P. (8246); MatlinPatterson Global Partners II LLC (6962); MatlinPatterson Global Advisers LLC (2931); MatlinPatterson PE Holdings LLC (6900); Volo Logistics LLC (8287); MatlinPatterson Global Opportunities Partners (SUB) II L.P. (9209). The location of the Debtors' address is: 600 Fifth Avenue, 22nd Floor; New York, New York 10022.

[2] The Debtors are requesting a waiver from the requirement to file a list of the limited partner equity security holders for this entity.

| Debtor | Equity Security Holder(s) | Kind of Interest | Number/% of Interests Held |
|---|---|---|---|
| **MatlinPatterson Global Opportunities Partners (Cayman) II L.P.** | Limited Partners (not listed[3]) | Partnership Interest (Limited Partners) | 98.74% |
| **MatlinPatterson Global Opportunities Partners (SUB) II L.P.** | MatlinPatterson Global Partners II LLC | Partnership Interest (General Partner) | 1.26% |
| **MatlinPatterson Global Opportunities Partners (SUB) II L.P.** | Limited Partners of MatlinPatterson Global Opportunities Partners (Cayman) II L.P. (not listed[4]) | Partnership Interest (Limited Partners) | 98.74% |
| **Volo Logistics LLC** | Oskars Investments Ltd. | Membership Interest | 100% |

---

[3] The Debtors are requesting a waiver from the requirement to file a list of the limited partner equity security holders for this entity.

[4] The Debtors are requesting a waiver from the requirement to file a list of the limited partner equity security holders for this entity.

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MatlinPatterson Global Opportunities Partners II L.P., *et al.*, | ) | Case No. 21-_____ (___) |
| | ) | |
| Debtors.[1] | ) | (Joint Administration Pending) |
| | ) | |

## CONSOLIDATED LIST OF CREDITORS HOLDING
## FIVE LARGEST SECURED CLAIMS

The following is a list of those creditors holding the five largest secured claims against the Debtors, on a consolidated basis, as of the Petition Date. This list has been prepared from the books and records of the Debtors for filing in the Debtors' Chapter 11 Cases.

| Name of Creditor and Contact Information | Claim Amount | Debt Type | Collateral |
|---|---|---|---|
| **MP II Preferred Partners L.P.**<br>600 Fifth Avenue<br>22nd Floor<br>New York, NY 10022<br>Telephone: 212-651-9500<br>Fax: 212-651-4010<br>Email: matlin@matlinpatterson.com<br>Attn: David Matlin | $57,965,995.00 | Intercompany Notes | Assets and accounts of MatlinPatterson Global Opportunities Partners II L.P., MatlinPatterson Global Opportunities Partners (Cayman) II L.P., and MatlinPatterson Global Opportunities Partners (SUB) II L.P. |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, if any, are: MatlinPatterson Global Opportunities Partners II L.P. (8284); MatlinPatterson Global Opportunities Partners (Cayman) II L.P. (8246); MatlinPatterson Global Partners II LLC (6962); MatlinPatterson Global Advisers LLC (2931); MatlinPatterson PE Holdings LLC (6900); Volo Logistics LLC (8287); MatlinPatterson Global Opportunities Partners (SUB) II L.P. (9209). The location of the Debtors' address is: 600 Fifth Avenue, 22nd Floor; New York, New York 10022.

**Fill in this information to identify the case:**

Debtor name: MatlinPatterson Global Opportunities Partners II L.P., et al.

United States Bankruptcy Court for the: Southern  District of New York
(State)

Case number (If known): _____

☐ Check if this is an amended filing

# Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders

12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider,* as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | GOL Linhas Aereas S.A. (formerly VRG Linhas Aereas S.A.) Avenida Vinte de Janeiro s/n Passenger Terminal No. 2 Rio de Janeiro International Airport Rio de Janeiro, Brazil | Attn: Richard Lark Telephone: +55 11 2128-4700 Fax: +55 11 3169 6245 Email: ri@voegol.com.br | Litigation | disputed; contingent | | | $60,000,000.00 |
| 2 | Varig Logistica S.A. Rua Gomes de Carvalho, no. 1609 Vila Olimpia Sao Paulo FL 33130 Brazil | ADJUD Administradores Judiciais Ltd., Trustee Attn: Vânio Cesar Pickler Aguiar Telephone: +55 11 2533 Email: adjud@adjud.com.br | Litigation | disputed; contingent; unliquidated | | | unliquidated |
| 3 | HJDK Aeroespacial S/A Aquillino La Guardia, no. 08 IGRA Building Panama City, Panama | Licastro & Focaccia Sociedade de Advogados Counsel to HJDK Aeroespacial S/A Telephone: +55 11 3062-1432 E-mail: contato@licastroadvogados.com.br | Litigation | disputed; contingent; unliquidated | | | unliquidated |
| 4 | | | | | | | |
| 5 | | | | | | | |
| 6 | | | | | | | |
| 7 | | | | | | | |
| 8 | | | | | | | |

Debtor _____ Case number (*if known*)_____
        *Name*

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim  If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | **Total claim, if partially secured** | **Deduction for value of collateral or setoff** | **Unsecured claim** |
| 9 | | | | | | |
| 10 | | | | | | |
| 11 | | | | | | |
| 12 | | | | | | |
| 13 | | | | | | |
| 14 | | | | | | |
| 15 | | | | | | |
| 16 | | | | | | |
| 17 | | | | | | |
| 18 | | | | | | |
| 19 | | | | | | |
| 20 | | | | | | |

**Fill in this information to identify the case and this filing:**

Debtor Name: MatlinPatterson Global Opportunities Partners II L.P., et al.

United States Bankruptcy Court for the: Southern District of New York
(State)

Case number (If known): _____

---

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors 12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☐ *Schedule H: Codebtors* (Official Form 206H)
- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule* ____
- ☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☒ Other document that requires a declaration  Corporate Ownership Statement; Electronic Creditor Matrix; Schedule of 5 Largest Secured Claims

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  07/06/2021
MM / DD / YYYY

✗ /s/ Matthew Doheny
Signature of individual signing on behalf of debtor

Matthew Doheny
Printed name

Chief Restructuring Officer
Position or relationship to debtor

Official Form 202  **Declaration Under Penalty of Perjury for Non-Individual Debtors**