**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MatlinPatterson Global Opportunities Partners II L.P., *et al.*, | ) | Case No. 21-11255 (DSJ) |
| | ) | |
| Debtors.[1] | ) | (Jointly Administered) |
| | ) | |

**DECLARATION OF ELISHA D. GRAFF IN SUPPORT OF THE DEBTORS' OMNIBUS OPPOSITION TO (I) MOTION BY VRG TO CONVERT THESE CASES TO CHAPTER 7 CASES, AND PRIOR THERETO, TO HAVE THIS COURT ABSTAIN FROM ADDRESSING VRG'S CLAIMS, OR, IN THE ALTERNATIVE, TO GRANT VRG RELIEF FROM THE AUTOMATIC STAY; AND (II) MOTION BY VARIGLOG TO CONVERT THESE CASES TO CHAPTER 7 CASES**

I, Elisha D. Graff, being duly sworn, declare the following under penalty of perjury:

1.      I am a partner in the law firm of Simpson Thacher & Bartlett LLP, with an office at 425 Lexington Avenue, New York, New York 10017. I am a member in good standing of the Bar of the State of New York, and there are no disciplinary proceedings pending against me.  I submit this declaration, based on my knowledge of matters relating to the Debtors, in support of the *Debtors' Omnibus Opposition to (I) Motion by VRG to Convert These Cases to Chapter 7 Cases, and Prior Thereto, to Have This Court Abstain from Addressing VRG's Claims, or, in the Alternative, to Grant VRG Relief from the Automatic Stay; and (II) Motion by VarigLog to Convert These Cases to Chapter 7 Cases* (the "**Opposition**").[2]

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, if any, are: MatlinPatterson Global Opportunities Partners II L.P. (8284); MatlinPatterson Global Opportunities Partners (Cayman) II L.P. (8246); MatlinPatterson Global Partners II LLC (6962); MatlinPatterson Global Advisers LLC (2931); MatlinPatterson PE Holdings LLC (6900); Volo Logistics LLC (8287); MatlinPatterson Global Opportunities Partners (SUB) II L.P. (9209). The location of the Debtors' address is: 600 Fifth Avenue, 22nd Floor, New York, New York 10022.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Opposition.

2.      Attached as **Exhibit A** is a true and correct copy of the Summons, dated as of June 29, 2016, to MP Delaware and MP Cayman, NYSCEF Doc. No. 1, *VRG Linhas Aéreas S.A. v. MatlinPatterson Global Opportunities Partners II L.P.*, Index No. 653451/2016 (N.Y. Sup. Ct).

3.      Attached as **Exhibit B** is a true and correct copy of the Notice of Appearance and Demand for Complaint, dated as of July 1, 2016, NYSCEF Doc. No. 4, *VRG Linhas Aéreas S.A. v. MatlinPatterson Global Opportunities Partners II L.P.*, Index No. 653451/2016 (N.Y. Sup. Ct).

4.      Attached as **Exhibit C** is a true and correct copy of the Notice of Voluntary Discontinuance, dated as of July 21, 2016, NYSCEF Doc. No. 5, *VRG Linhas Aéreas S.A. v. MatlinPatterson Global Opportunities Partners II L.P.*, Index No. 653451/2016 (N.Y. Sup. Ct).

5.      Attached as **Exhibit D** is a true and correct copy of the Decision rendered by Judge Daniel Carnio Costa of the 1st Bankruptcy and Judicial Reorganization Court of the State of São Paulo in case no. 0121755-70.2009.8.26.0100, dated as of April 16, 2018, and a certified English translation of the Decision.

6.      Attached as **Exhibit E** is a true and correct copy of the Verified Petition for Chapter 15 Relief and Recognition of Foreign Proceeding, dated as of March 31, 2009, Docket No. 2, *In re Varig Logística S.A.*, No. 09-15717 (Bankr. S.D. Fla.).

7.      Attached as **Exhibit F** are true and correct copies of Reports from VarigLog's Court-Appointed Trustee dated August 12, 2013, November 24, 2014, May 18, 2016, and September 16, 2020, and a certified English translation of excerpts thereof.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: October 22, 2021
      New York, New York

                                                      */s/ Elisha D. Graff*
                                                      Elisha D. Graff

## **EXHIBIT A**

## **Summons**

FILED: NEW YORK COUNTY CLERK 06/29/2016 02:51 PM    INDEX NO. 653451/2016
NYSCEF DOC. NO. 1    RECEIVED NYSCEF: 06/29/2016

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

**VRG Linhas Aéreas S.A.,**

Plaintiff,

- against -

**MatlinPatterson Global Opportunities
Partners II L.P.,** and **MatlinPatterson Global
Opportunities Partners (Cayman) II L.P.,**

Defendants.

Index No. _____ /16

Date Index Number Purchased:
June 29, 2016

**SUMMONS WITH NOTICE**

TO THE ABOVE-NAMED DEFENDANTS:

PLEASE TAKE NOTICE THAT YOU ARE HEREBY SUMMONED to appear in this

action by serving a notice of appearance on the Plaintiff's attorney at the address set forth below

within 20 days after the service of this Summons (not counting the day of service itself) or within

30 days after service is complete if this Summons is not personally delivered to you within the

State of New York.

Should you fail to appear, judgment will be taken against you by default for the relief

demanded in the annexed notice.

Plaintiff designates New York County as the place of trial. The basis for the designation

is the location of the principal office of the Defendants.

Dated: June 29, 2016
New York, New York

DEBEVOISE & PLIMPTON LLP

By: _____
Matthew E. Fishbein

919 Third Avenue
New York, New York 10022
Telephone: (212) 909-6000
Email: mefishbein@debevoise.com

*Attorneys for Plaintiff VRG Linhas Aéreas S.A.*

## NOTICE

**Nature of the Action**: This is an action by Plaintiff VRG Linhas Aéreas S.A., as successor by merger to GTI S.A. ("GTI"), against Defendants MatlinPatterson Global Opportunities Partners II L.P. and MatlinPatterson Global Opportunities Partners (Cayman) II L.P., seeking damages for fraud and/or negligent misrepresentation and for breach of contract. The claims arise out of the sale of a Brazilian airline company, VRG Linhas Aéreas S.A., to GTI by two entities, Varig Logística S.A. ("VL") and Volo do Brasil S.A. ("VdB"), controlled by Defendants.

1.　　Defendants made false representations of material fact, and omitted to state material facts necessary to make Defendants' representations not misleading, to GTI in connection with the sale, including that (a) Defendants produced a balance sheet for the company being sold, in which Defendants materially misrepresented to GTI the company's assets, liabilities and/or working capital, and (b) Defendants misrepresented that the balance sheet had been reviewed by an independent accounting firm, and misleadingly omitted to disclose that it had not been so reviewed.  The misrepresentations and omissions were made knowingly or with reckless disregard of their falsity (or in the alternative, negligently) and with the intent that GTI would rely on them.  GTI agreed to the purchase of the airline company from Defendants' controlled entities VL and VdB on the terms set forth in a purchase and sale agreement, in reasonable and justifiable reliance on Defendants' representations, benefiting Defendants and proximately resulting in damages to GTI.  Plaintiff seeks damages for Defendants' fraud or negligent misrepresentation in the inducement of the purchase and sale agreement and related agreements, including for third-party fraud or malice (*dolo de terceiro*) as that term is used in Brazilian law.

2

2.      In addition, VL and VdB incurred liability to GTI for (a) fraud and/or negligent misrepresentation in the inducement of the purchase and sale agreement and related agreements as set forth above, and (b) a contractual purchase price adjustment under the terms of the purchase and sale agreement.  Defendants are liable for these liabilities of VL or VdB, by reason of alter ego and/or piercing the corporate veil.

3.      GTI merged into Plaintiff after the sale, and Plaintiff is the successor in interest to GTI for all purposes, including GTI's claims against Defendants.

**Relief Sought**:  The relief sought is damages in an amount to be determined at trial, currently estimated to be not less than $45,168,400, plus interest from the date of the sale or such other date as may be determined to be appropriate, and costs allowable by law.  Should Defendants fail to appear, judgment will be entered by default for the sum of $45,168,400, plus interest from the date of March 28, 2007, and the costs of the action.

Nothing in this Summons with Notice is or should be construed as a concession or waiver with regard to any other rights and remedies that Plaintiff may be able to assert in any court or tribunal, including with respect to the enforcement of any judgment or arbitral award.

3

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

VRG Linhas Aereas S.A.

                           Plaintiff/Petitioner,

          -against-                                    Index No.  653451/2016

MatlinPatterson Global Opportunities Partners II L.P. et
al

                           Defendant/Respondent.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

## NOTICE OF COMMENCEMENT OF ACTION
## SUBJECT TO MANDATORY ELECTRONIC FILING

          PLEASE TAKE NOTICE that the matter captioned above has been commenced as an electronically filed case in the New York State Courts Electronic Filing System ("NYSCEF") as required by CPLR § 2111 and Uniform Rule § 202.5-bb (mandatory electronic filing). This notice is being served as required by that rule.

          NYSCEF is designed for the electronic filing of documents with the County Clerk and the court and for the electronic service of those documents, court documents, and court notices upon counsel and unrepresented litigants who have consented to electronic filing

          Electronic filing offers significant benefits for attorneys and litigants, permitting papers to be filed with the County Clerk and the court and served on other parties simply, conveniently, and quickly. NYSCEF case documents are filed with the County Clerk and the court by filing on the NYSCEF Website, which can be done at any time of the day or night on any day of the week. The documents are served automatically on all consenting e-filers as soon as the document is uploaded to the website, which sends out an immediate email notification of the filing.

          The NYSCEF System charges no fees for filing, serving, or viewing the electronic case record, nor does it charge any fees to print any filed documents. Normal filing fees must be paid, but this can be done on-line.

          **Parties represented by an attorney:** An attorney representing a party who is served with this notice must either: 1) immediately record his or her representation within the e-filed matter on the NYSCEF site; or 2) file the Notice of Opt-Out form with the clerk of the court where this action is pending. Exemptions from mandatory e-filing are limited to attorneys who certify in good faith that they lack the computer hardware and/or scanner and/or internet connection or that they lack (along with all employees subject to their direction) the operational knowledge to comply with e-filing requirements. [Section 202.5-bb(e)]

          **Parties not represented by an attorney: Unrepresented litigants are exempt from efiling. They can serve and file documents in paper form and must be served with documents in paper form.** However, an unrepresented litigant may participate in e-filing.

For information on how to participate in e-filing, unrepresented litigants should contact the appropriate clerk in the court where the action was filed or visit www.nycourts.gov/efileunrepresented. Unrepresented litigants also are encouraged to visit www.nycourthelp.gov or contact the Help Center in the court where the action was filed. An unrepresented litigant who consents to e-filing may cease participation at any time. However, the other parties may continue to e-file their court documents in the case.

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: efile@nycourts.gov).

Dated: 06/29/2016

_____
Signature

MATTHEW E. FISHBEIN
_____
Name

Debevoise & Plimpton LLP
_____
Firm Name

919 Third Avenue
_____
Address

New York, NY 10022
_____
City, State, and Zip

(212) 909-6000
_____
Phone

mefishbe@debevoise.com
_____
E-Mail

To:    MatlinPatterson Global Opportunities Partners II L.P.
       _____

       MatlinPatterson Global Opportunities Partners (Cayman) II L.P.
       _____

       _____

9/3/15

## **EXHIBIT B**

### **Notice of Appearance and Demand for Complaint**

FILED: NEW YORK COUNTY CLERK 07/01/2016 01:20 PM
INDEX NO. 653451/2016
NYSCEF DOC. NO. 1
21-11255-dsj   Doc 204   Filed 10/22/21   Entered 10/22/21 13:53:45   Main Document
RECEIVED NYSCEF: 07/01/2016
Pg 10 of 56

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-----------------------------------------------------------------x

VRG Linhas Aéreas S.A.,

        Plaintiff,

        -against-

MatlinPatterson Global Opportunities Partners II
L.P., and MatlinPatterson Global Opportunities
Partners (Cayman) II L.P.,

        Defendants

-----------------------------------------------------------------x

Index No.: 653451/2016

**<u>NOTICE OF APPEARANCE AND
DEMAND FOR COMPLAINT</u>**

PLEASE TAKE NOTICE that Defendants MatlinPatterson Global Opportunities Partners II L.P. and MatlinPatterson Global Opportunities Partners (Cayman) II L.P. (collectively, "MatlinPatterson") hereby appear in the above-captioned action by and through the undersigned counsel.

MatlinPatterson demands service of the Complaint in the above-captioned action, pursuant to CPLR 3012(b), within twenty (20) days from the date hereof. The Complaint and all papers in this action shall be served upon Simpson Thacher & Bartlett LLP at the address below. MatlinPatterson appears to demand the Complaint only and for no other purpose and reserves all rights, claims, and defenses including but not limited to those related to service of process, jurisdiction, proper forum, and venue.

Dated: New York, New York
      July 1, 2016

/s/ Thomas C. Rice
Tyler B. Robinson (trobinson@stblaw.com)
Thomas C. Rice (trice@stblaw.com)
Joshua M. Slocum (jslocum@stblaw.com)
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York 10017
Telephone: 212-455-2000
Facsimile: 212-455-2502

*Attorneys for Defendants MatlinPatterson
Global Opportunities Partners II L.P. and
MatlinPatterson Global Opportunities Partners
(Cayman) II L.P.*

To:    Matthew E. Fishbein
       DEBEVOISE & PLIMPTON LLP
       919 Third Avenue
       New York, NY 10022
       (212) 909-6000

       *Attorneys for Plaintiff VRG Linhas
       Aéreas S.A.*

2

## **EXHIBIT C**

## **Notice of Voluntary Discontinuance**

INDEX NO. 653451/2016

NYSCEF DOC. NO. 5     21-11255-dsj     Doc 204     Filed 10/22/21     Entered 10/22/21 13:53:45     Main Document     RECEIVED NYSCEF: 07/21/2016

Pg 13 of 56

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

VRG Linhas Aéreas S.A.,

                              Plaintiff,

        - against -

MatlinPatterson Global Opportunities Partners
II L.P., and MatlinPatterson Global
Opportunities Partners (Cayman) II L.P.,

                              Defendants.

---

Index No. 653451 / 2016

**NOTICE OF VOLUNTARY
DISCONTINUANCE**

        Please take notice that Plaintiff hereby discontinues this action without prejudice

pursuant to CPLR 3217.

Dated:  July 21, 2016
          New York, New York

                              DEBEVOISE & PLIMPTON LLP

                              By: /s/ Carl Micarelli_____
                                    Carl Micarelli

                              919 Third Avenue
                              New York, New York 10022
                              Telephone:  (212) 909-6000
                              Email:  cmicarelli@debevoise.com

                              *Attorneys for Plaintiff VRG Linhas Aéreas S.A.*

TO:  Counsel for Defendants

## **EXHIBIT D**

## **Order of the Brazilian Bankruptcy Court**

I, the undersigned, do hereby certify and attest that a 2-page document written in PORTUGUESE was presented to me for translation into ENGLISH, which I identify as an electronic copy of a **decision rendered by Judge Daniel Carnio Costa of the 1st Bankruptcy and Judicial Reorganization Court of the State of São Paulo in case no. 0121755-70.2009.8.26.0100**, which I have duly performed, as follows:

### DECISION

Digital Case no.            0121755-70.2009.8.26.0100

Cass-Subject Matter:        Bankruptcy of Business Owners, Business Companies, Microenterprises, and Small Companies – Judicial Reorganization and Bankruptcy

Bankrupt (Claimant):        Varig Logística S.A.

Bankrupt (Respondent):  Varig Logística S.A.

Judge: Daniel Carnio Costa

### DELIVERY OF CASE FILES TO THE JUDGE'S CHAMBERS

On April 16, 2018, I send the case files to the Judge's chambers. I, the court clerk, subscribe.

Upon examination etc.

Page 22474: To the trustee for annotation and inclusion in the distributions in due course, pursuant to the law.

Pages 22476/22501: Let the interested parties be notified about the arrangements already made by the trustee with respect to the requests for reserves, official letters from the Labor Court, and proofs of claim for labor credits.

Pages 22503/22504: Let the attachment be annotated on the cover of the proceeding and inform the trustee, also for purposes of filing the defense in the tax collection suit, even though service of process on the bankrupt estate should be made separately.

Page 22532: Let it be annotated.

1

Pages 22553/22559: 21939; 22458/22463: The compensation of the trustee shall be established in the maximum limit, which is compatible with the proper performance of the team in the conduct of the case and results in amounts compatible with market values. Nevertheless, all sums already received by the trustee as provisional fees shall be discounted from that amount. Forty percent of those amounts shall also be reserved to be paid only at the end, upon the conclusion of the bankruptcy proceeding. The spreadsheet submitted meets the court and legal criteria, to the extent that it provides for the receipt by the trustee of R$ 318.353,00, deducting the sums received so far as provisional fees, as well as the amount corresponding to 40% of the fees to be paid at the end of the proceeding. I also authorize the payment to be made to the creditors as proposed, including with respect to the method proposed, which will allow a much faster and safe payment to the creditors, while preserving the necessary tax collections. After the time limit set forth below for enrollment (10 days), the trustee shall make the necessary payment irrespective of a new decision and render accounts in the case files, under penalty of law.

Finally, let notice be given to all creditors to inform their bank details by entering the information and by means of the data obtainment program available at the trustee's website especially for that purpose (www.adjud.com.br/falencias/variglog), within 10 days.

To the Public Attorney's Office.

Let notice be given.

São Paulo, April 16, 2018.

This document is digitally signed pursuant to Law no. 11419/2006, as printed on the right margin.

2

[All pages are in the letterhead of the Court of Appeals of the State of São Paulo, Judicial District of São Paulo, Civil Central Courthouse, 1st Bankruptcy and Judicial Reorganization Court.]

[The document is digitally signed by Daniel Carnio Costa.]

---

**CERTIFICATE OF ACCURACY**

I, the undersigned, **CARLA THEOPHILO DE SABOIA**, hereby state and certify as follows:

I am fluent in both English and Portuguese. I am competent to translate from Portuguese to English. I have made the above translation from digital copies of documents in the Portuguese language submitted to me and described in the preamble hereof, and hereby certify that the same is a true and complete translation to the best of my knowledge, ability, and belief.

Rio de Janeiro, August 25, 2020

**CARLA THEOPHILO DE SABOIA**
Rua Maria Angélica 326/403
Rio de Janeiro, RJ
22461-152 - Brazil



**TRIBUNAL DE JUSTIÇA DO ESTADO DE SÃO PAULO**
COMARCA DE SÃO PAULO
FORO CENTRAL CÍVEL
1ª VARA DE FALÊNCIAS E RECUPERAÇÕES JUDICIAIS
Praça João Mendes s/nº, Sala 1608, Centro - CEP 01501-900, Fone: (11)
2171-6505, São Paulo-SP - E-mail: sp1falencias@tj.sp.gov.br
**Horário de Atendimento ao Público: das 12h30min às19h00min**

| DECISÃO |
|---|

Processo Digital nº:     **0121755-70.2009.8.26.0100**
Classe - Assunto          **Falência de Empresários, Sociedades Empresáriais, Microempresas e**
                          **Empresas de Pequeno Porte - Recuperação judicial e Falência**
Falido (Ativo):           **Varig Logística S/A**
Falido (Passivo):         **Varig Logística S/A**

Juiz(a) de Direito: Dr(a). **Daniel Carnio Costa**

CONCLUSÃO

Em **16 de abril de 2018**, faço estes autos conclusos ao MM. Juiz de
Direito. Eu, escrevente, subscrevi.

Vistos.

Fls. 22474: à administradora judicial para anotação e oportuna inclusão em rateios,
nos termos da lei.

Fls. 22476/22501: ciência aos interessados sobre as providências já promovidas
pela administração judicial no que tange aos pedidos de reserva, ofícios da Justiça do Trabalho e
habilitações trabalhistas.

Fls. 22503/22504: anote-se a penhora no rosto dos autos, dando-se ciência à
administradora judicial, inclusive para fins de apresentação de defesa na execução fiscal, muito
embora a citação da massa falida devesse ser feita de forma autônoma.

Fls. 22532: anote-se.

Fls. 22553/22559; 21939; 22458/22463: a remuneração da administração judicial
deve ser fixada no limite máximo, visto que compatível com a atuação adequada da equipe na
condução do processo e resultante em valores compatíveis com aqueles de mercado. Entretanto,
devem ser descontados desse montante todos os valores já recebidos pela administradora judicial a
título de honorários provisórios. Também devem ser reservados 40% dos valores para o pagamento
somente ao final, por ocasião do encerramento do processo de falência. A planilha apresentada
atende aos critérios judiciais e legais, na medida em que prevê o levantamento pelo administrador
judicial de R$ 318.353,00, descontando-se os valores já recebidos até o momento a título de
provisórios, bem como o valor relativo a 40% da verba que deve ser paga somente ao final. No

Este documento é cópia do original, assinado digitalmente por DANIEL CARNIO COSTA, liberado nos autos em 16/04/2018 às 14:22.
Para conferir o original, acesse o site https://esaj.tjsp.jus.br/pastadigital/pg/abrirConferenciaDocumento.do, informe o processo 0121755-70.2009.8.26.0100 e código 42F3F60.

fls. 22610



**TRIBUNAL DE JUSTIÇA DO ESTADO DE SÃO PAULO**
COMARCA DE SÃO PAULO
FORO CENTRAL CÍVEL
1ª VARA DE FALÊNCIAS E RECUPERAÇÕES JUDICIAIS
Praça João Mendes s/nº, Sala 1608, Centro - CEP 01501-900, Fone: (11)
2171-6505, São Paulo-SP - E-mail: sp1falencias@tj.sp.gov.br
**Horário de Atendimento ao Público: das 12h30min às19h00min**

mais, defiro a realização do pagamento aos credores nos termos propostos, inclusive em relação à metodologia proposta que ensejará um pagamento mais rápido e seguro aos credores, com preservação dos recolhimentos tributários necessários. Decorrido o prazo de cadastramento abaixo determinado (10 dias), providencie o administrador o necessário pagamento independentemente de nova decisão, prestando contas nos autos, sob as penas da lei.

Por fim, intimem-se todos os credores para que informem dados bancários mediante o cadastramento das informações e programa de coleta de dados disponível no site da administradora judicial especialmente para essa finalidade (www.adjud.com.br/falencias/variglog), no prazo de 10 dias.

Ciência ao Ministério Público.

Intime-se.

São Paulo, 16 de abril de 2018.

**DOCUMENTO ASSINADO DIGITALMENTE NOS TERMOS DA LEI 11.419/2006,**
**CONFORME IMPRESSÃO À MARGEM DIREITA**

Este documento é cópia do original, assinado digitalmente por DANIEL CARNIO COSTA, liberado nos autos em 16/04/2018 às 14:22 .
Para conferir o original, acesse o site https://esaj.tjsp.jus.br/pastadigital/pg/abrirConferenciaDocumento.do, informe o processo 0121755-70.2009.8.26.0100 e código 42F3F60.

## EXHIBIT E

## Verified Petition for Chapter 15 Relief and Recognition of Foreign Proceeding

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

In re:                                                    Chapter 15

VARIG LOGÍSTICA S.A.,                                     Case No.

                Debtor.

_____/

## VERIFIED PETITION FOR CHAPTER 15 RELIEF AND RECOGNITION OF FOREIGN PROCEEDING

Alexandre Sávio Abs da Cruz in his capacity as the duly authorized foreign representative (the "**Representative**") of  VARIG LOGÍSTICA S.A. (the "**Debtor**" or "**VarigLog**"), a debtor in an insolvency *recuperação judicial* proceeding (the "**Recuperação Judicial**"), pursuant to Brazilian Law arts. 47 et. seq. of Law 11.101/2005 (the "**Brazilian Bankruptcy Law**"), currently pending before the Bankruptcy First Court of the City of São Paulo, State of São Paulo (the "**Brazilian Court**"), by the Representative's U.S. counsel, Shutts & Bowen LLP, respectfully submits this verified petition for recognition of the Recuperação Judicial as a foreign main proceeding (the "**Petition**") pursuant to Chapter 15 of title 11 of the United States Code (the "**Bankruptcy Code**").

In further support of this Petition, the Representative has filed his declaration (including the exhibits thereto, the "**Representative's Declaration**") and the declaration of Ms. Laura Mendes Bumachar, special Brazilian counsel to the Debtor (the "**Brazilian Legal Declaration**").

## PRELIMINARY STATEMENT

1.      VarigLog is a Brazilian company engaged in the business of providing cargo air transport.  VarigLog provides crucial services in Brazil to major cargo companies including,

1

among others, Federal Express, DHL and UPS.  VarigLog has established itself as the leader in its field, controlling approximately forty percent (40%) of the market in Brazil.  Due to its crippling debt burden, however, VarigLog decided it must reorganize its capital structure under the Recuperação Judicial.

2.      To effectuate this restructuring, VarigLog commenced the Recuperação Judicial by filing a petition with the Bankruptcy Court on March 3, 2009.  As set forth in the Brazilian Legal Declaration, under the Recuperação Judicial, VarigLog has powers comparable to a Debtor-in-Possession under Chapter 11 of the Bankruptcy Code.  Alexandre Sávio Abs da Cruz has been designated by VarigLog to serve as the "representative" for purposes of this Chapter 15 case and he is authorized to file this Petition.

3.      By this Petition, and subject to Section 1510 of the Bankruptcy Code, the Representative seeks recognition of the Recuperação Judicial as a foreign main proceeding under Sections 1504, 1515, 1517, 1520 and 1521 of the Bankruptcy Code.  Concurrently with the filing of this Petition, by separate Motions, the Representative is seeking a preliminary injunction and other relief pursuant to Sections 105(a), 1519, and 1521 of the Bankruptcy Code to protect VarigLog,  its assets in the United States, and its creditors.

## BACKGROUND

### VarigLog's Business.

4.      As noted above, VarigLog provides cargo air transport in Brazil.

5.      VarigLog's principal office is located at Rua Gomes de Carvalho, no. 1609, Vila Olimpia, São Paulo, Brazil.  VarigLog does not have a principal place of business in the United States.

2

6. The majority of VarigLog's assets are located in Brazil. VarigLog's principal assets in the United States consist of the following: (a) a bank account at Bank of America, N.A. in Miami, Florida into which payments from VarigLog's U.S. customers are deposited; (b) accounts receivable due from various customers in the United States; (c) various claims asserted in litigation pending in Florida and New York (more fully described below); and (d) rights with respect to aircraft maintenance reserves held by Pegasus Aviation I, Inc., Pegasus Aviation II, Inc., Pegasus Aviation IV, Inc. and Pegasus Aviation V, Inc., which are U.S. entities.

7. VarigLog provides approximately 700 direct jobs and more than 1,000 indirect jobs. All of VarigLog's employees reside and work in Brazil, Argentina and Chile.

**Varilog's Corporate Ownership.**

8. 99.88% of the shares of VarigLog are owned by Volo do Brasil, S.A. ("**Volo Brasil**"), which is a Brazilian company and a wholly-owned subsidiary of Volo Logistics, LLC ("**Volo**"), a U.S. company. The remaining shares of VarigLog are owned by Fudação Ruben Berta. Volo is an indirect wholly-owned investment subsidiary of MatlinPatterson Global Opportunities Partners II LP, a U.S. limited partnership, and MatlinPatterson Global Opportunities Partners (Cayman) II LP, a Cayman limited partnership (together, the "**MP Funds**"). MatlinPatterson Global Advisers, LLC ("**MP Global Advisers**"), a U.S. company, serves as an investment adviser to the MP Funds and is indemnified by the MP Funds. The MP Funds and MP Global Advisers are referred to collectively hereinafter as "**MP**."

**VarigLog's Obligations.**

9. VarigLog has total indebtedness of more than BRL 410,000,000 (four hundred ten million Brazilian reals), or approximately $180,000,000 USD.[1] A list of VarigLog's creditors,

---

[1] Calculated at an exchange rate of .4388 BRL per US dollar as of March 29, 2009.

3

including the amounts due each as of the date of commencement of the Recuperação Judicial, is attached as Exhibit D to the Representative's Declaration and is incorporated herein by reference.

10.     VarigLog has over seventy-five creditors in the United States that are collectively owed an amount in excess of BRL 230,000,000 (two hundred thirty million Brazilian reals), or approximately $101,000,000 USD.  A list of VarigLog's U.S. creditors, including the amounts due each as of the date of commencement of the Recuperação Judicial, is attached as Exhibit C to the Representative's Declaration and is incorporated herein by reference.

**Business Challenges.**

11.     VarigLog's financial difficulties are primarily the product of the following: (a) the gross mismanagement of VarigLog's business by its former managing shareholders (the "**Ex-Shareholders**"), which resulted in significant business losses and waste of corporate assets; (b) a drastic increase in the price of jet fuel during 2008 that significantly increased VarigLog's operating costs; and (c) the global financial crisis, which (i) rendered VarigLog unable to obtain necessary credit, (ii) caused a sharp decrease in demand for VarigLog's services, and (iii) due to an unfavorable shift in the exchange rate, resulted in even higher costs for jet fuel.

12.     Prior to petitioning for Recuperação Judicial, VarigLog took several steps to improve its financial position, beginning with the ouster of the Ex-Shareholders.  In April 2008, the Ex-Shareholders were removed from VarigLog pursuant to a Brazilian court order and the company was subject to court supervision for a period of approximately 10 months.  During that period, Volo and its affiliates consented to the transfer of approximately $50 million of crucial funding to VarigLog to facilitate its ability to, among other things, fund its operations, pay its other undisputed creditors, and reduce its labor and tax liabilities.

4

13.     To further assist VarigLog with its liquidity needs, on December 31, 2008, Volo and its affiliates allowed VarigLog to assign to Volo Brasil all of VarigLog's obligations to repay approximately $250,000,000 owed to Volo.  This assignment essentially had the effect of converting the $250,000,000 debt into equity, which improved VarigLog's financial condition and prospects as a going concern and enhanced its ability to comply with certain Brazilian regulatory requirements (the "**Debt Restructuring**").

14.     Following the Debt Restructuring and prior to the commencement of the Recuperação Judicial, Volo provided VarigLog with additional bridge financing of approximately $6.5 million to, among other things, fund its operations, pay its other undisputed creditors, and reduce its labor and tax liabilities.

15.     In addition to these efforts, VarigLog (a) imposed strict cost controls; (b) streamlined flight routes; and (c) concentrated its operations in Brazil, Argentina and Chile. While these efforts resulted in significant costs savings and debt reduction, VarigLog was unable to overcome its financial difficulties and had no option but to pursue the Recuperação Judicial.

**Pending Litigation in the United States.**

16.     On or about August 29, 2007, Atlantic Aviation Investments LLC ("**AAI**") filed a complaint against VarigLog asserting causes of action for breach of contract (and the recovery of interest and attorneys fees) relating to four separate loan agreements in a case pending in New York, New York entitled, *Atlantic Aviation Investments LLC v. Varig Logística S.A.*, Index No. 07-602920, in the Supreme Court State of New York, County of New York.  On or about December 1, 2008, the Court entered partial judgment in favor of AAI in the amount of $17,167,300 and the parties subsequently stipulated to interest owed in the amount of

5

$875,578.85. Litigation continues in this action concerning the amount of attorneys' fees owing to AAI.

17. On February 14, 2008, Pegasus Aviation II, Inc. and Pegasus Aviation IV, Inc. filed a Complaint against VarigLog, asserting causes of action for replevin, breach of contract and wrongful detention with respect to certain leased aircraft, in a case pending in Miami-Dade County, Florida entitled *Pegasus Aviation I, Inc. et al. v. Varig Logistica, S.A.*, Case No. 08-08006-CA-31, in the Circuit Court of the 11th Judicial Circuit, in and for Miami-Dade County. On June 16, 2008, an Amended Complaint was filed, adding Pegasus Aviation I, Inc. and Pegasus Aviation V, Inc. as plaintiffs and asserting identical causes of action for two additional leased aircraft. VarigLog recently filed its Answer and Affirmative Defenses in this action.

18. On April 14, 2008, Chromalloy Gas Turbine, LLC ("**Chromalloy**") filed a Complaint against VarigLog, asserting causes of action for replevin and breach of contract with respect to VarigLog's alleged breach of its obligation under a purported agreement with Chromalloy for the lease of certain jet engines, in a case pending in Miami-Dade County, Florida entitled *Chromalloy Gas Turbine, LLC v. Varig Logistica, S.A. et al.,* Case No. 08-21394-CA-01, in the Circuit Court of the 11th Judicial Circuit, in and for Miami-Dade County. Chromalloy sought and subsequently obtained a prejudgment writ of replevin. VarigLog has yet to file a responsive pleading in this action.

19. On August 12, 2008, Servisair, LLC filed a Complaint against VarigLog, asserting causes of action for breach of contract, unjust enrichment, account stated and open account with respect to VarigLog's alleged failure to pay amounts purportedly due and owing for certain ground handling services, in a case pending in Miami-Dade County, Florida entitled *Servisair, LLC v. Varig Logistica, S.A.,* Case No. 08-46569-CA-11, in the Circuit Court of the

6

11th Judicial Circuit, in and for Miami-Dade County. VarigLog recently filed a Motion to Compel Arbitration, for Dismissal and/or to Stay, which has yet to be heard.

20. On October 1, 2008, Chromalloy Engine Management Services, a division of Chromalloy, filed a Complaint against VarigLog, asserting claims for breach of contract and foreclosure of mechanic's lien based upon an alleged failure to make payment for certain repair and maintenance services on a commercial jet engine, in a case pending in Atlanta, Georgia entitled *Chromalloy Engine Mgmt. Services a division of Chromalloy Gas Turbine, LLC v. Varig Logistica, S.A.*, Case No. 1:0-8-CV-3080 TCB, in the United States District Court for the Northern District of Georgia. On December 22, 2008, the plaintiff filed an Amended Complaint, asserting three additional claims for breach of contract pertaining to additional amounts alleged to be due and owing for repair and maintenance services purportedly performed on other engines. On March 16, 2009, the Court entered an order compelling arbitration on the first two claims for relief and instructing the clerk to enter VarigLog's default as to the third, fourth and fifth claims for relief.

21. On October 24, 2008, Pegasus Aviation I, Inc., Pegasus Aviation IV, Inc. and Pegasus Aviation V, Inc. filed a Verified Complaint against VarigLog and MP Global Advisers, asserting causes of action for breach of contract, conversion and replevin with respect to three airplanes leased by VarigLog, in a case pending in New York County, New York entitled *Pegasus Aviation I, Inc. et al. v. Varig Logistica, S.A. et al.*, Case No. 08603076, in the Supreme Court of the State of New York, County of New York (**"New York Pegasus Action"**). The Verified Complaint alleges that MP Global Advisers is liable as an "alter ego" of VarigLog. On December 2, 2008, VarigLog filed an Answer and Counterclaim against the plaintiffs in this action, based upon their alleged failure to make certain required maintenance payments under

7

aircraft leases.  The plaintiffs have moved to dismiss VarigLog's third affirmative defense and counterclaim.  MP Global Advisers has filed a motion to dismiss the claims against it.  Discovery is proceeding in the interim.

22.    The litigations described above are hereinafter referred to as the "**U.S. Actions**."

23.    VarigLog is also a Plaintiff in several actions currently pending in Circuit Court for the Eleventh Circuit, in and for Miami-Dade County, Florida, including: *Varig Logistica, S.A. v. Garrett Turbine, Inc. et al.*, Case No. 08-08227-CA-31; *Varig Logistica, S.A. v. Solutions Group USA, LLC et al.*, Case No. 09-57989-CA-27; and *Varig Logistica, S.A. v. Platinum Commercial Air Group, Inc. et al.*, Case No. 05-12068.

**Recuperação Judicial.**

24.    VarigLog filed the Recuperação Judicial pursuant to the applicable provisions of Brazilian Bankruptcy Law on March 3, 2009.  A true and correct copy of a certified English translation of VarigLog's Petition for Recuperação Judicial is attached to the Representative's Declaration as Exhibit E and is incorporated herein by reference.

25.    The Recuperação Judicial is a proceeding analogous to a Chapter 11 proceeding under the Bankruptcy Code. As set forth in the Brazilian Legal Declaration, the Recuperação Judicial is a court-supervised proceeding aimed at enabling the distressed debtor to overcome an economic and financial crisis based on a reorganization plan submitted to, and  approved by, its creditors.  As set forth in the Representative's Declaration, no other foreign proceeding is known to be pending with respect to VarigLog.

26.    On March 13, 2009, the Brazilian Court entered an Order authorizing the processing of the Recuperação Judicial (the "**Bankruptcy Order**").  A true and correct copy of a certified English translation of the Bankruptcy Order is attached to the Representative's

8

Declaration as Exhibit F and is incorporated herein by reference. In the Bankruptcy Order, the Brazilian Court appointed Alfredo Luiz Kugelmas as a trustee to monitor and supervise the Recuperação Judicial.

27.    The Bankruptcy Order was officially published in the Brazilian Official Gazette on March 26, 2009.

28.    The Bankruptcy Order imposes a stay of any action or execution against the Debtor.

29.    The Bankruptcy Order also directed that a notice be issued, for publication in the Brazilian Official Gazette and in a newspaper of nationwide circulation, containing a preliminary list of creditors on or before April 6, 2009.

30.    Under the Recuperação Judicial, a creditor located in the United States has the same rights as a creditor located in Brazil.

**DIP Financing.**

31.    On or about March 20, 2009, Volo entered into an agreement with VarigLog to provide approximately $7,500,000 (the "**DIP Loan**") in debtor-in-possession financing (the "**DIP Loan Agreement**"). The funds to be advanced by Volo are essential to keep VarigLog's operations running during the course of the Recuperação Judicial. A copy of the DIP Loan Agreement is attached to the Representative's Declaration as Exhibit G and is incorporated herein by reference.

32.    Recent amendments to Brazilian insolvency law have borrowed from the concept of DIP financing under section 364 of the Bankruptcy Code to authorize this type of "post-petition" financing. Under Brazilian law, however, Brazilian Court approval of DIP financing is not required if the lender is not obtaining a lien or security interest. VarigLog has not sought

9

Brazilian Court approval of the DIP Loan Agreement because Volo has not (as yet) requested that it be secured, nor is VarigLog seeking (at this moment) approval by this Court.

33.     Without receiving DIP loans from Volo, VarigLog may be forced to liquidate its assets or curtail its operations to the irreparable detriment of its creditors.

34.     The DIP Loan Agreement provides Volo with certain rights and remedies in the event of a default, including but not limited to, the right to do the following: (a) terminate the DIP Loan Agreement; (b) declare all obligations under the DIP Loan Agreement to be immediately due and payable; (c) take immediate possession of any of the Debtor's assets; and (d) liquidate some or all of VarigLog's assets in satisfaction of the obligation due Volo. Further, under the DIP Loan Agreement, the Debtor agrees to indemnify Volo and its affiliates, including the MP Funds and MP Global Advisers, and hold them harmless from any claim arising from their transactions or relationship with the Debtor (See DIP Loan Agreement § 16.2). Volo's rights and remedies upon default, as are more fully set forth in the DIP Loan Agreement, are referred to as the "**DIP Loan Rights**".

35.     Certain events of default under the DIP Loan Agreement are triggered by VarigLog **failing to obtain** the following relief under Chapter 15 of the Bankruptcy Code:

(a)     the grant of provisional relief in favor of VarigLog against its U.S. creditors under Section 1519 of the Bankruptcy Code, on or before April 15, 2009 (See DIP Loan Agreement § 7.1(k));

(b)     the entry of an Order recognizing the Recuperação Judicial as a foreign proceeding under Section 1520 of the Bankruptcy Code, on or before April 30, 2009 (See DIP Loan Agreement § 7.1(l)); and

10

(c)      the entry of an Order staying the commencement or continuation of any actions against Volo or its affiliates (collectively, the "**Related Parties**") including, without limitation, the New York Pegasus Action, under Sections 1519 or 1521 of the Bankruptcy Code, on or before April 30, 2009 (See DIP Loan Agreement § 7.1(u)) (collectively, **"Chapter 15 Relief"**).

36.      The granting of Chapter 15 Relief is urgently required to (a) preserve and protect VarigLog's assets in the U.S. from execution or other action by creditors; (b) prevent the U.S. Actions and other potential litigation in the U.S. from depleting funds and resources that are necessary for the Recuperação Judicial; (c) obtain funds from Volo needed to continue VarigLog's operations during the Recuperação Judicial; and (d) provide a mechanism for U.S. creditors to obtain notice of, and participate in, the Recuperação Judicial on an equal basis with all of VarigLog's other creditors.

**This Chapter 15 Petition.**

37.      This Petition has been filed to protect VarigLog's U.S. assets during the pendency of the Recuperação Judicial, and to insure that similarly situated creditors will be treated similarly, no matter where located.

## JURISDICTION AND VENUE

38.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P).

39.      Venue is proper in this district pursuant to 28 U.S.C. § 1410. The statutory predicates for relief are Sections 1504, 1515, 1517, 1520 and 1521 of the Bankruptcy Code.

11

**RECOGNITION IS APPROPRIATE**

40.     The Representative has satisfied each of the requirements for recognition of the
Recuperação Judicial contained in Chapter 15 of the Bankruptcy Code.  As set forth in the
Representative's Declaration and the Brazilian Legal Declaration:

(a)     The Representative qualifies as a "foreign representative" as defined in Section
101(24) of the Bankruptcy Code because he is a person authorized under applicable Brazilian
law, who has been designated by VarigLog to act in that capacity.

(b)     The Recuperação Judicial is a "foreign main proceeding" as defined in Sections
101(23) and 1502(4) of the Bankruptcy Code, because it is (i) pending in Brazil, which is
VarigLog's "center of main interests," as such term is used in Sections 1502(4), 1516(c) and
1517(b)(1) of the Bankruptcy Code, and (ii) a collective judicial proceeding under which
VarigLog's assets and affairs are subject to the supervision of the Brazilian Court for the purpose
of reorganization or liquidation.

**CHAPTER 15 RELIEF IS APPROPRIATE**

41.     The Representative respectfully requests the entry of an Order pursuant to
Sections 1504, 1515, 1517, 1520 and 1521 of the Bankruptcy Code, substantially in the form
attached hereto as Exhibit A (the "**Proposed Order**"), providing that as of the date thereof:

(a)     The Recuperação Judicial is granted recognition as a foreign main
proceeding pursuant to Sections 1517(a) and (b)(1) of the Bankruptcy Code;

(b)     Alexandre Sávio Abs da Cruz is the duly appointed "foreign
representative" of VarigLog, as that term is defined in Section 101(24) of the Bankruptcy Code;

(c)     Sections 361 and 362 of the Bankruptcy Code apply with respect to
VarigLog and its assets within the territorial jurisdiction of the United States (the "**U.S. Assets**");

12

(d)  Any interim relief afforded under Section 1519 shall continue in effect;

(e)  Sections 363, 549, and 552 apply to a transfer of an interest in the U.S. Assets to the same extent that the sections would apply to property of an estate under the Bankruptcy Code;

(f)  Section 552 applies to the U.S. Assets;

(g)  The Representative, in his discretion, may file a petition commencing a case under the Bankruptcy Code against the Debtor;

(h)  The rights granted to the parties, other than the Representative, under 11 U.S.C. § 1520(b) and (c) are preserved to their full extent;

(i)  The Representative may operate VarigLog's business within the territorial jurisdiction of the United States and may exercise the rights and powers of a trustee under and to the extent provided by Sections 363 and 552 of the Bankruptcy Code, without the giving of security or filing of a bond;

(j)  Pursuant to 11 U.S.C. § 1521, until further Order of the Court:

(1)  to the extent that such actions are not otherwise stayed under 11 U.S.C. § 1520(a), all persons and entities (other than the Representative and his expressly authorized representatives and agents), are enjoined from commencing, pursuing, prosecuting and/or continuing any and all claims, causes of action and/or litigation against the Debtor, or against the Related Parties relating to the Debtor, and from executing against, selling, or otherwise disposing of any and all of the U.S. Assets, and from enforcing any judicial, quasi-judicial, administrative or regulatory judgment, assessment, order or arbitration award or lien against the Debtor or the U.S. Assets, except by or with the written consent of the Representative, _provided_, _however_, that, notwithstanding the foregoing, (a) no police or

13

regulatory act of a governmental unit (including a criminal action or proceeding) shall be enjoined by this Order and (b) customers and other persons or entities that owe obligations to the Debtor are authorized to pay all such obligations directly to the Debtor, without the consent of the Representative;

(2)   the administration and realization on all or part of the U.S. Assets shall be entrusted to the Representative; and

(3)   the Representative's counsel is hereby authorized to examine witnesses, take evidence and require the delivery of information and documents concerning the Debtor's assets, affairs, rights, obligations and liabilities pursuant to Federal Rule of Bankruptcy Procedure 2004;

(k)   The relief granted by this Petition shall not affect, restrict or limit the rights of Volo under the DIP Loan Agreement, including, without limitation, Volo's DIP Loan Rights;

(l)   The Recuperação Judicial shall be granted comity and given full force and effect;

(m)   The Court shall retain jurisdiction with respect to the enforcement, amendment or modification of the Order granting this Petition, any requests for additional relief or any adversary proceeding brought in and through this Chapter 15 case, and any request by an entity for relief from the provisions of the Order granting this Petition, for cause shown, that is properly commenced and within the jurisdiction of this Court;

(n)   No action taken by the Representative, the Debtor or any of their successor, agents, representatives, advisors or counsel, in preparing, disseminating, applying for, implementing or otherwise acting in furtherance of or in connection with the Recuperação

14

Judicial, this Petition, the Order granting this Petition, or this Chapter 15 case, or any adversary proceeding herein, or any further proceeding commenced hereunder, shall be deemed to constitute a waiver of the immunity afforded such persons under 11 U.S.C. §§ 306 and 1510; and

(o)      Grants such other and further relief as the Court deems just and proper.

## NOTICE

42.      Notice of this Petition has been provided to: (a) parties identified in Bankruptcy Rule 2002(q)(1); (b) the United States Trustee; (c) the Securities and Exchange Commission; and (d) VarigLog's U.S. creditors.

## NO PRIOR REQUEST

43.      The Representative has not previously sought the relief requested herein from this or any other court.

**WHEREFORE**, the Representative respectfully requests that this Court enter an Order substantially in the form of the Proposed Order granting the relief requested herein and such other and further relief as is just and proper.

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida and am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1.

Dated: March 31, 2009                    Respectfully Submitted,

SHUTTS & BOWEN LLP
Attorneys for Foreign Representative,
Alexandre Sávio Abs da Cruz
201 S. Biscayne Blvd., Suite 1500
Miami, Florida  33131
Email: *rfracasso@shutts.com*
(305) 358-6300
(305) 347-7802 facsimile


By:___*/s/ Robert. Fracasso*___
Robert Fracasso
Florida Bar No. 959928

15

## VERIFICATION

Pursuant to 28 U.S.C. § 1746, Alexandre Sávio Abs da Cruz declares as follows:

I am the Manager of Flight Operations of VARIG LOGÍSTICA S.A. ("**Debtor**"), a debtor in an insolvency *recuperação judicial* proceeding under Brazilian law, currently pending before the Lower Bankruptcy Court of the Judiciary District of São Paulo, Brazil, and I am authorized to act as the representative of the Debtor and have full authority to verify the foregoing Verified Petition for Recognition and Chapter 15 Relief. I have read the foregoing Petition, and the statements contained therein are true and accurate to the best of my knowledge, information and belief.

I declare the foregoing to be true and correct under penalty of perjury under the laws of the United Sates of America, Brazil and the State of Florida.

Executed on this 30th day of March, 2009 at São Paulo, Brazil.


　　　s/ Alexandre Sávio Abs da Cruz
Alexandre Sávio Abs da Cruz
Foreign Representative, VARIG LOGÍSTICA S.A.

16

## **EXHIBIT F**

### **Reports from VarigLog's Court-Appointed Trustee**

### CERTIFICATE OF ACCURACY

I, the undersigned, **CARLA THEOPHILO DE SABOIA**, hereby state and certify this 22nd day of October, 2021, as follows:

I am fluent in both English and Portuguese and I am competent to translate from one language into the other. I have translated from Portuguese into English excerpts of reports from court-appointed trustee AdJud dated August 12, 2013, November 24, 2014, May 18, 2016 and September 16, 2020, and hereby certify that the same are true and complete translations to the best of my knowledge, ability, and belief.

I affirm this 22nd day of October, 2021 under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that I am physically located outside the geographic boundaries of the United States, Puerto Rico, the United States Virgin Islands, or any territory or insular possession subject to the jurisdiction of the United States, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

Rio de Janeiro, October 22, 2021

**CARLA THEOPHILO DE SABOIA**
Rua Maria Angélica 326/403
Rio de Janeiro, RJ
22461-152 – Brasil

**August 12, 2013 Report**

II – Bankruptcy causes

2.1 The company was declared bankrupt on September 27, 2012, and the bankruptcy causes do not differ from those which have led the company to judicial reorganization, especially the decline in the demand for the services it used to provide and its inability to generate positive results, as shown in item IV – Financial Situation.

**November 24, 2014 Report, last paragraph**

Accordingly, we do not have evidence which would allow us to amend or correct the content of the Report of art. 22 of the Bankruptcy Act, that is, the bankruptcy causes do not differ from those which have led the company to judicial reorganization, especially the decline in the demand for the services it used to provide and its inability to generate positive results.

**May 18, 2016 Report, last paragraph**

Accordingly, we do not have evidence which would allow us to amend or correct the content of the Report of art. 22 of the Bankruptcy Act or that of the addendum of pages 308/317.

**September 16, 2020 Report**

4. With respect to the Public Attorney's opinion, we have the following considerations:

a) the Trustee has presented the report of pages 3/12 and there is no new information, as stated on pages 368/369;

**AdJud** | Administradores
Judiciais

*adjud@adjud.com.br*

## EXMO. SR. DR. JUIZ DE DIREITO DA 1ª VARA DE FALÊNCIAS E RECUPERAÇÕES JUDICIAIS DE SÃO PAULO CAPITAL

**Processo n° 0121755-70.2009.8.26.0100 (Autos Principais)**

<u>Relatório – Artigo 22, III, alínea "e" da Lei 11.101/05</u>

A **Massa Falida da Varig Logística S.A.** por sua Administradora Judicial e pelo Advogado que esta subscrevem, vem, respeitosamente, à presença de V. Exa., apresentar o relatório previsto na lei 11.101/05, em seu artigo 22, III, alínea "e", conforme adiante expresso.

# AdJud | Administradores Judiciais

*adjud@adjud.com.br*

Para facilitar o exame do presente relato foi promovida a divisão em nove tópicos, a saber:

I.    Histórico da Sociedade

II.   Causas da Falência

III.  Providências Tomadas Pelo Administrador Judicial

IV.   Situação Patrimonial

V.    Práticas de Irregularidades que Podem Configurar Crimes Falimentares ou Obrigação de Ressarcimento Civil

VI.   Indícios da Autoria de Fatos Típicos e Antijurídicos

VII.  Conclusão

## I -    Histórico da Sociedade

1.1        A Varig Logística, S.A. (VarigLog), CNPJ 04.066.143/0001-57, foi constituída em 25.08.2000, tendo por objeto social o transporte aéreo de cargas e logística e com o Capital Social de R$ 27.260.000,00 (vinte e sete milhões, duzentos e sessenta mil reais), representado por 27.260.000 ações, sendo 9.100.000 ordinárias nominativas e 18.160.000 preferenciais nominativas, com valor nominal de R$ 1,00 (um real) cada uma, assim distribuído:

| ACIONISTA | ORDINÁRIAS | PREFERENCIAIS | % |
|---|---|---|---|
| FRB – Par Investimentos Ltda | 104.200 | 168.400 | 1 |
| VARIG S.A. – Viação Aérea Rio-Grandense | 8.995.800 | 17.991.600 | 99 |
| TOTAL | 9.100.000 | 18.160.000 | 100 |

1.2        Em 2006, 95% das ações da VarigLog foram adquiridas pela Volo do Brasil S.A. (Volo do Brasil), por US$ 48,2 milhões. Posteriormente, a Volo adquiriu mais 4%, perfazendo o total de 99% das ações.



ARGO e Tribunal de Justiça do Estado de São Paulo, protocolado em 20/02/2018 às 14:10 , sob o número WJMJ18401600090 ento.do, informe o processo 0057173-22.2013.8.26.0100 e código 3F51404.

fls. 5

**AdJud** | **Administradores**
**Judiciais**

*adjud@adjud.com.br*

---

1.3        Eram, então, sócios da Volo do Brasil, a Volo Logistics LLC (Volo LLC), com 20% das ações ordinárias (capital votante) e 100% das ações preferenciais, e os Srs. Luiz Eduardo Gallo, Marco Antonio Audi e Marcos Michel Haftel, detentores de 80% das ações ordinárias, com 26,66% cada um, os quais a partir de março/2006, exerceram a administração da VarigLog.

1.4        Em 01.04.2008, por decisão judicial parte dos acionistas foram afastados da Volo do Brasil e da administração da VarigLog.

1.5        A VarigLog passou a ter a seguinte composição social:

| ACIONISTA | ORDINÁRIAS | PREFERENCIAIS |
|-----------|-----------|---------------|
| Volo do Brasil S.A. | 99,95% | 99,97% |
| Fundação Ruben Berta | 0,05% | 0,03% |
| **TOTAL** | **100,00%** | **100,00%** |

1.6        Na aquisição, além dos do investimento inicial para aquisição da VarigLog, a Volo LLC fez aportes adicionais de recursos sob a forma de empréstimos diretos e indiretos no valor aproximado de US$ 350 milhões , sendo certo que a empresa já apresentava situação econômico-financeira extremamente delicada.

1.7        Não obstante, quando ajuizado o pedido de Recuperação Judicial em março de 2009, a VarigLog respondia por 40% do segmento no mercado doméstico, conforme o Anuário de Transporte Aéreo da ANAC.

1.8        Foram apresentados como motivos determinantes para a impetração da Recuperação Judicial com o objetivo de equalizar o Passivo com valor aproximado de R$ 370 milhões:

a)   administração temerária;

b)   disputa judicial interna na acionista controladora;

c)   execuções e demais medidas contra a empresa, decorrentes de obrigações inadimplidas;

d)   bloqueios e penhoras em contas bancárias e fontes de renda;

RGO e Tribunal de Justiça do Estado de São Paulo, protocolado em 20/02/2018 às 14:10 , sob o número WJMJ18401600090 ento.do, informe o processo 0057173-22.2013.8.26.0100 e código 3F51404.

**AdJud** | **Administradores Judiciais**

*adjud@adjud.com.br*

---

e)  condenações e penhoras oriundas da Justiça do Trabalho por sucessão da Flex (antiga Varig);

f)  alta vertiginosa do preço dos combustíveis;

g)  queda da demanda pelos serviços prestados; e,

h)  aumento da dificuldade em obter crédito em decorrência da crise econômica mundial.

## II – Causas da Falência

2.1     A falência da empresa foi decretada em 27.09.2012, e as suas causas não diferem daquelas que levaram a empresa à Recuperação Judicial, especialmente a queda da demanda pelos serviços que prestava e a falta de capacidade de gerar resultados positivos, como evidencia o **Item IV** – Situação Patrimonial, adiante.

## III - Providências Tomadas Pelo Administrador Judicial

3.1     A empresa se encontrava desativada e várias de suas sucursais nem mesmo contavam com serviços de vigilância e os registros que foram encontrados dão conta da existência de 24 áreas de concessão, todas, presumivelmente, com bens de propriedade da falida, a saber:

1 -  Aeroporto: Internacional de Porto Alegre - Salgado Filho
Espaço Físico: 4.206,70 m2

2 -  Aeroporto: Internacional de Curitiba - Afonso Pena
Espaço Físico: 4.680 m2

3 -  Aeroporto: Internacional de Confins - Tancredo Neves
Espaço Físico: 696 m2

4 -  Aeroporto: Internacional de João Pessoa - Presidente Castro Pinto

RGO e Tribunal de Justiça do Estado de São Paulo, protocolado em 20/02/2018 às 14:10 , sob o número WJMJ18401600090 ento.do, informe o processo 0057173-22.2013.8.26.0100 e código 3F51404.



# AdJud

### Administradores
### Judiciais

*adjud@adjud.com.br*

---

Espaço Físico: 230,88 m2

5 -   Aeroporto: Internacional de Brasília – Pres. Juscelino Kubitschek
Espaço Físico: 698,43 m2
Espaço Físico: 240,24 m2
Espaço Físico: 1.435,19 m2

6 -   Aeroporto: Internacional de Maceió - Zumbi dos Palmares
Espaço Físico: 1.342,50 m2

7 -   Aeroporto: Internacional de Florianópolis - Hercílio Luz
Espaço Físico: 1.428,94 m2

8 -   Aeroporto: Internacional do Rio de Janeiro / Galeão Antônio Carlos Jobim
Espaço Físico: 22.467 m2

9 -   Aeroporto: Internacional de São Paulo/Guarulhos Gov .André Franco Montoro
Espaço Físico: 24.780 m2

10 -  Aeroporto: Internacional de Natal - Augusto Severo
Espaço Físico: 200 m2

11 -  Aeroporto: Internacional de Fortaleza - Pinto Martins
Espaço Físico: 760 m2

12 -  Aeroporto: Internacional de Vitória - Eurico de Aguiar Salles
Espaço Físico: 799 m2

13 -  Aeroporto: Internacional de Salvador - Dep. Luís Eduardo Magalhães
Espaço Físico: 1.283,75 m2

14 -  Aeroporto: de Teresina - Senador Petrônio Portella
Espaço Físico: 828 m2

15 -  Aeroporto: Internacional de São Luís
Espaço Físico: 1.254 m2

16 -  Aeroporto: Rio de Janeiro - Santos Dumont
Espaço Físico: 222,23 m2

17 -  Aeroporto: São Paulo - Congonhas
Espaço Físico: 5.764 m2

RGO e Tribunal de Justiça do Estado de São Paulo, protocolado em 20/02/2018 às 14:10 , sob o número WJMJ18401600090 ento.do, informe o processo 0057173-22.2013.8.26.0100 e código 3F51404.

# AdJud | Administradores Judiciais

*adjud@adjud.com.br*

18 - Aeroporto: Internacional de Belém - Val-de-Cans
Espaço Físico: 1.000,00 m2

19 - Aeroporto: Internacional Eduardo Gomes - Manaus
Espaço Físico: 59,29m2

20 - Aeroporto: Recife Guararapes - Recife
Espaço Físico: 4.478,28

21 - Aeroporto: Internacional de Viracopos / Campinas
Espaço Físico: 5.340,00

22 - Aeroporto: Internacional de Fortaleza
Espaço Físico: 25,95m2

23 - Aeroporto: Internacional de Londrina
Espaço Físico: 200 m2

24 - Aeroporto: Internacional de Cuiabá
Espaço Físico: 799,76 m2

3.2      Das áreas relacionadas, apenas três contam com serviço de vigilância por conta da massa falida, a saber:

- Aeroporto de Congonhas em São Paulo;
- Aeroporto de Guarulhos em São Paulo; e,
- Aeroporto do Galeão no Rio de Janeiro.

3.3      Foram mantidas as vigilâncias dos Aeroportos de Congonhas e de Guarulhos com a contratação de vigilantes autônomos, antigos funcionários da falida. No aeroporto do Galeão no Rio de Janeiro foi mantida a vigilância por conta de empresa contratada anteriormente à decretação da falência. As demais dependências contam apenas com a vigilância externa dos aeroportos locais.

3.4      Paralelamente, seguem em tratativas com a Infraero e outras Concessionárias, a devolução das áreas ocupadas, que serão devolvidas observadas as conveniências da massa falida. Exceção apenas, da área de Guarulhos, que já foi ajustado acordo com a Nova Concessionária do Aeroporto de Guarulhos.

RGO e Tribunal de Justiça do Estado de São Paulo, protocolado em 20/02/2018 às 14:10 , sob o número WJMJ18401600090 ento.do, informe o processo 0057173-22.2013.8.26.0100 e código 3F51404.

**AdJud** | **Administradores**
**Judiciais**

adjud@adjud.com.br

3.5        Foram iniciados os trabalhos de arrecadação dos bens da massa com base no que foram encontrados nos aeroportos de São Paulo, Congonhas e Guarulhos, cuja relação parcial faz parte dos autos principais. Os bens das demais localidades deverão ser inventariados pela Infraero e posteriormente confrontados com os registros fornecidos pelos ex-administradores.

3.6        Relativamente aos livros e documentos contábeis, foram encontradas, literalmente, toneladas de documentos, a maioria dos quais em caixas empilhadas em *container´s* nos terminais de carga e em arquivos, ainda não examinados devido à ausência de contratação de pessoal minimamente capacitado para classificar adequadamente os documentos encontrados, para, em seguida, promover a respectiva arrecadação.

## IV -    Situação Patrimonial

4.1        A falta de funcionários responsáveis por cada uma das áreas da empresa, até para que fossem localizados e acessados os arquivos eletrônicos, físicos e documentos contábeis da empresa, incluindo balanços ou balancetes, impediu que a Administração Judicial pudesse levar a termo uma verificação com base em dados recentes.

4.2        O demonstrativo mais recente ao qual a Administradora Judicial teve acesso refere-se ao exercício encerrado em 31.12.2011. A seguir incluímos os comentários que julgamos necessários:

4.2.1      ATIVO CIRCULANTE

Totalizando R$ 35,3 milhões, com pouco mais de 50% do subgrupo referente a recebíveis sem que, no entanto, se possa avaliar a qualidade da referida "carteira", ou seja; a possibilidade de realização.

Um terço do total se refere a Impostos a Recuperar, Estoques e Despesas Antecipadas. A primeira das rubricas mencionadas, Impostos a

ARGO e Tribunal de Justiça do Estado de São Paulo, protocolado em 20/02/2018 às 14:10 , sob o número WJMJ1840160090 ento.do, informe o processo 0057173-22.2013.8.26.0100 e código 3F51404.

**AdJud** | **Administradores**
**Judiciais**

*adjud@adjud.com.br*

Recuperar, sugere o aproveitamento em caso de resultado positivo e sujeito a regras específicas; a segunda, estoques, também não permite avaliar a qualidade do saldo ou o potencial de geração de receita, posto que não haja qualquer indicativo se são compostos essencialmente por combustíveis, peças de reposição de aeronaves ou apenas material de consumo. O mesmo se aplica à rubrica de Despesas Antecipadas.

4.2.2     ATIVO NÃO CIRCULANTE

Cerca de 100% do subgrupo é composto pelas rubricas de Depósitos Especiais, Impostos a Recuperar e Impostos e Contribuições Diferidos, em relação aos quais não há qualquer informação adicional que permita identificar se Depósitos Especiais seriam depósitos judiciais, valores bloqueados ou uma aplicação de longo prazo.

4.2.3     PASSIVO CIRCULANTE

Soma R$ 228 milhões, sendo 33% desse valor composto por obrigações junto a Fornecedores.   Presume-se que a rubrica de Fornecedores seja essencialmente composta por combustíveis, e destaca-se que os valores a receber de clientes está próximo de 50% do valor devido a fornecedores.

O Índice de Liquidez Corrente (Ativo Circulante/Passivo Circulante) é igual 0,15, denotando que a capacidade de honrar as obrigações de curto prazo é muito baixa.

4.2.4     PASSIVO NÃO CIRCULANTE

Soma R$ 349 milhões, e 85% desse valor refere-se aos Credores que figuram no Plano de Recuperação. O Índice de Liquidez Geral (Ativo Circulante + Ativo não Circulante) / (Passivo Circulante + Passivo não Circulante)) é igual a 0,71, demonstrando que, na data-base 21.12.2011, a empresa somente teria condições de honrar 71%  de todos os seus compromissos, desde que a totalidade dos ativos pudesse ser considerada como sendo de boa qualidade.

4.2.5     PATRIMÔNIO LÍQUIDO

A empresa contava com um Capital Social de R$ 232 milhões, porém apresentou prejuízos acumulados de R$ 399 milhões, apontando para evidente situação de deperecimento total do Capital e uma Situação Líquida Negativa de R$ 167 milhões.

RGO e Tribunal de Justiça do Estado de São Paulo, protocolado em 20/02/2018 às 14:10 , sob o número WJMJ18401600090 ento.do, informe o processo 0057173-22.2013.8.26.0100 e código 3F51404.

# AdJud | Administradores Judiciais

*adjud@adjud.com.br*

---

4.3       A Demonstração de Resultado na mesma data-base apontou um Prejuízo Operacional, antes do resultado financeiro, de R$ 55 milhões. O Resultado do Exercício apresentou um prejuízo de R$ 113,8 milhões.

4.4       Uma breve observação da evolução do Patrimônio Líquido da empresa apresenta os seguintes resultados: Em 31.12.2008, R$16,9 milhões; em 31/01/2009, R$ 1,8 milhão e, em 30.06.2009, já era negativo em R$ 21,7 milhões. Verifica-se que o regime especial de recuperação judicial não foi suficiente para frear o rápido deperecimento do Capital Social e, tampouco, de reverter a situação de subsequentes resultados operacionais negativos.

## V -   Práticas de Irregularidades que Podem Configurar Crimes Falimentares ou Obrigação de Ressarcimento Civil

5.1       A escrituração do Diário Geral estava atualizada e encadernada até 31.12.2011, contendo Demonstrativos Contábeis prévios, de forma que não foram encontrados os Demonstrativos Contábeis definitivos do exercício de 2011, e tampouco registros, demonstrativos ou documentos contábeis relativos ao exercício de 2012.

5.2       Conforme já informado no presente, há toneladas de documentos a verificar, de forma que não se pode assegurar que a documentação contábil relativa ao exercício de 2012 até a data da decretação da falência não exista ou deva ser desqualificada.

5.3       Nossas gestões em andamento é que poderão apontar se ocorreu prática de irregularidades que possam configurar Crime Falimentar ou Obrigação de ressarcimento Civil e, em sendo encontradas, serão prontamente informadas nos autos do processo e encaminhadas ao Ministério Público, quando for o caso.

RGO e Tribunal de Justiça do Estado de São Paulo, protocolado em 20/02/2018 às 14:10 , sob o número WJMJ1840160O090 ento.do, informe o processo 0057173-22.2013.8.26.0100 e código 3F51404.

**AdJud** | **Administradores**
**Judiciais**

*adjud@adjud.com.br*

---

## VI - Indícios da Autoria de Fatos Típicos e Antijurídicos

6.1        Não foram encontrados até o momento a ocorrência de autoria de fatos típicos ou antijurídicos.

## VII - Conclusão

7.1        Através do presente relatório de que trata o Artigo 22, III, alínea "e" da Lei 11.101/05, fica demonstrado que:

I - A Varig Logística S.A. apresenta patrimônio líquido negativo, refletindo a insuficiência de ativos que atendam às obrigações e contingências da empresa; e,

II - A extensão dessa insuficiência depende do valor a ser apurado com a venda dos bens existentes e do desfecho de ações judiciais em curso.

.   Esclarece-se, por fim, que este relatório está sendo encaminhado dentro do prazo legal cuja contagem ainda não se iniciou, pois pende de realização a oitiva ou manifestação formal dos administradores da empresa.

Finalizando, deve ser feita a ressalva que o presente relatório poderá vir a ser aditado uma vez que as diligências ainda em curso poderão ensejar a necessidade de sua complementação.

Termos em que,
Pede Deferimento.
São Paulo, 12 de agosto de 2013.

Vânio Cesar Pickler Aguiar                    João Carlos Silveira
*p/Administradora Judicial*                        *OAB/SP 52.052*

ARGO e Tribunal de Justiça do Estado de São Paulo, protocolado em 20/02/2018 às 14:10 , sob o número WVJMJ18401600090 ento.do, informe o processo 0057173-22.2013.8.26.0100 e código 3F51404.

# AdJud | Administradores Judiciais

adjud@adjud.com.br

**EXMO. SR. DR. JUIZ DE DIREITO DA 1ª VARA DE FALÊNCIAS E RECUPERAÇÕES JUDICIAIS DE SÃO PAULO - CAPITAL**

## Processo nº 0057173-22.2013.8.26.0100

*Aditamento ao Relatório do Art. 22*

**A Massa Falida da Varig Logística S.A.**, por sua administradora judicial que esta subscreve, vem, com o devido respeito à presença de V. Exa., em atendimento ao quanto solicitado pelo MP às fls. 22, itens 4 e 5, informar o que segue.

Quanto à qualificação dos administradores responsáveis pela derrocada da Variglog, é anexado aqui demonstrativo (**Doc. 01**) contemplando dados relativos a todos os diretores e membros do Conselho de Administração, cujos mandatos, integral ou parcialmente, alcançaram os cinco anos que antecederam a decretação da falência da Varig Logística S.A.

1 / 3

SP13.20 - 25-11-2014 14:08 1FAL 000.0.15000030A

RGO e Tribunal de Justiça do Estado de São Paulo, protocolado em 20/02/2018 às 14:10 , sob o número WJMJ18401600090 ento.do, informe o processo 0057173-22.2013.8.26.0100 e código 3F51458.

fls. 312

# AdJud | Administradores
# | Judiciais

adjud@adjud.com.br

Em que pese os esforços desta administração judicial, o acesso às informações contábeis têm sido restrito ao livros diários já encadernados que apresentam elevado volume de lançamentos múltiplos e demonstrativos sintéticos, não sendo possível individualizar ações específicas. Paralelamente, não se teve, até agora, acesso ao Livro Razão das Contas, que poderia permitir a análise do comportamento individual de cada uma das contas patrimoniais e de resultado.

Com relação a indicação de incursões civis e/ou criminais dos ex-administradores, foram localizados indícios de práticas irregulares que podem vir a configurar crime falimentar ou obrigação de ressarcimento civil na leitura de Atas de Assembléia Geral, ordinárias e extraordinárias, bem como as Atas de Reunião de Diretoria e do Conselho de Administração.

Em um dos documentos, a Ata da Assembleia Geral Extraordinária realizada em 23 de julho de 2008 (**Doc. 02**), aponta a existência de pagamentos sem comprovação de contraprestação de serviços ou de bens; contratações irregulares; pagamento de bônus e aumento de remuneração dos administradores em níveis incompatíveis com a realidade nacional e da empresa, entre outras.

Na mesma Ata mencionada, os acionistas aprovaram e autorizaram a Diretoria da Varig Logística S.A. a ajuizar nos termos do artigo 159 da Lei 6.404/76, ação de responsabilidade civil contra os Srs. João Luis Bernes de Souza, Marco Antonio Audi, Luiz Eduardo Gallo, Marcos Michel Haftel, Fernando Cesar Calamita, Neide Aparecida Ramos Bechini e outros administradores cujos indícios apontavam gestão temerária, ilícito ou irregularidade, o que gerou Procedimento Ordinário de nº 0115768-53.2009.8.26.0100, em curso na 31ª Vara Cível da Capital.

Com relação aos demonstrativos contábeis utilizados para efeito da avaliação das marcas, trata-se da apresentação da composição do patrimônio de uma empresa e, como tal, pode ser utilizada para comparação com outros demonstrativos, além de estabelecer desempenho positivo ou negativo em determinado período, entretanto, não retrata a forma como se chegou àquela composição, assim como não comprova a licitude de ganhos e

2 / 3

RGO e Tribunal de Justiça do Estado de São Paulo, protocolado em 20/02/2018 às 14:10 , sob o número WJMJ18401600090
ento.,informe o processo 0057173-22.2013.8.26.0100 e código 3F51458.

fls. 313

# AdJud | Administradores Judiciais

*adjud@adjud.com.br*

tampouco de dispêndios. Dessa forma, não se presta para alicerçar o relatório do art. 22 da LRF versando persecução criminal.

Por fim, nenhum dos papéis, objeto de triagem em curso por esta administração judicial, se mostrou, por enquanto, útil para este processo falimentar.

Dessa forma não temos elementos que nos permitam alterar ou corrigir o tanto quanto constou no Relatório do artigo 22 da Lei de Falências, ou seja; que as causas da falência não diferem daquelas que levaram a empresa à recuperação judicial, especialmente a queda da demanda pelos serviços que prestava e a falta de capacidade de gerar resultados positivos.

Termos em que
Pede Deferimento.
São Paulo, 24 de novembro de 2014.

**ADJUD Administradores Judiciais Ltda – EPP**
*Vânio Cesar Pickler Aguiar*
p/ Administradora Judicial

RGO e Tribunal de Justiça do Estado de São Paulo, protocolado em 20/02/2018 às 14:10 , sob o número WJMJ18401600090 ento.do, informe o processo 0057173-22.2013.8.26.0100 e código 3F51458.

3 / 3

fls. 368

# AdJud | Administradores Judiciais

*adjud@adjud.com.br*

F2.
Juntado
25/05

## EXMO. SR. DR. JUIZ DE DIREITO DA 1ª VARA DE FALÊNCIAS E RECUPERAÇÕES JUDICIAIS DE SÃO PAULO - CAPITAL

# Processo nº 0057173-22.2013.8.26.0100

*Esclarecimentos solicitados pelo Ministério Público*

      **A Massa Falida da Varig Logística S.A.**, pelo representante de sua administradora judicial e por seu advogado que esta subscrevem, vem, com o devido respeito à presença de V. Exa., em atendimento ao quanto solicitado pelo Ministério Público às fls. 355, informar o que segue.

1 / 2

...RGO e Tribunal de Justiça do Estado de São Paulo, protocolado em 20/02/2018 às 14:10 , sob o número WJMJ18401600090 ...ento.do, informe o processo 0057173-22.2013.8.26.0100 e código 3F51464.

fls. 369 *363*
*4*

# AdJud | Administradores Judiciais

*adjud@adjud.com.br*

A Ata de Assembleia Geral Extraordinária da "Varig Logística S.A.", em questão, realizada em 23/07/2008 (fls. 314/317), faz menção de indícios de valores despendidos pela antiga administração empresarial de forma irregular.

Tal fato, gerador de responsabilidade aos ex-administradores, já está sendo julgado no Procedimento Ordinário de nº 0115768-53.2009.8.26.0100, atualmente em curso junto à 31ª Vara Cível da Capital. Ademais, nenhum dos documentos localizados na triagem de papéis realizada no curso do processo de falência se mostrou útil para essa finalidade.

Sobre o deslinde do referido procedimento ordinário, informamos que se aguarda autorização de dispêndio para pagamento de perícia a ser realizada nos autos, conforme petições já apresentadas nos autos da falência às fls. 18.246, 19.302 e 19.581.

Dessa forma não temos elementos que nos permitam alterar ou retificar o tanto quanto constou no Relatório do artigo 22 da Lei de Falências, ou no aditamento anexo às fls. 308/317.

Termos em que
Pede Deferimento.
São Paulo, 18 de maio de 2016.

**ADJUD Administradores Judiciais Ltda.**
*Vânio Cesar Pickler Aguiar*
*p/ Administradora Judicial*

João Carlos Silveira
OAB/SP 52.052

...RGO e Tribunal de Justiça do Estado de São Paulo, protocolado em 20/02/2018 às 14:10 , sob o número WVJMJ18401600090 ...ento.do, informe o processo 0057173-22.2013.8.26.0100 e código 3F51464.

2 / 2



Rua Tabapuã, 474 – 8º andar,
Cjs. 84 a 88 – Itaim Bibi
São Paulo/SP – 04533-001
+55 (11) 2533-4673
**adjud@adjud.com.br**

**EXMO. SR. DR. JUIZ DE DIREITO DA 1ª VARA DE FALÊNCIAS E RECUPERAÇÕES JUDICIAIS DE SÃO PAULO - CAPITAL**

# Processo nº 0057173-22.2013.8.26.0100

*Relatório Art. 22*

A **Massa Falida de Varig Logística S.A.**, vem, respeitosamente, à presença de V. Exa., ciente da r. cota do Ministério Público e em complemento as informações ordinariamente prestadas a respeito da ação 115768-53.2009.8.26.0100, expor e requerer o quanto segue:

2.    Às *fls. 455*, esta Administradora Judicial informou que a ação de nº 0115768-53.2009.8.26.0100, que apurou a responsabilidade dos ex-administradores, foi julgada parcialmente procedente, sendo que o recurso de Apelação interposto não foi conhecido, eis que considerado deserto.

3.    Contra o V. Acórdão, foi interposto Recurso Especial que não foi admitido. A decisão recorrida ainda não transitou em julgado.

4.    Com relação a r. cota do Ministério Público, pondera-se, em resposta, o seguinte:

Este documento é cópia do original, assinado digitalmente por CARLOS EDUARDO RAMOS PEREDA SILVEIRA, protocolado em 16/09/2020 às 16:13 , sob o número WJMJ20414440773 .
Para conferir o original, acesse o site https://esaj.tjsp.jus.br/pastadigital/pg/abrirConferenciaDocumento.do, informe o processo 0057173-22.2013.8.26.0100 e código 9BBBB0E.



Rua Tabapuã, 474 – 8º andar,
Cjs. 84 a 88 – Itaim Bibi
São Paulo/SP – 04533-001
+55 (11) 2533-4673
**adjud@adjud.com.br**

a) A Administradora Judicial apresentou o relatório de *fls. 03/12*, não havendo novas informações, conforme afirmado às *fls. 368/369*;

b) A Administradora Judicial já cumpriu o solicitado pelo Ministério Público no item "b" de *fls. 25* em sua manifestação de *fls. 311-320*.

c) Com relação ao "item c", esclarece-se que não houve a oitiva dos ex-sócios AUDI e HAFTEL, apenas dos outros ex-controladores (Chan Lup e Miguel Bellas), conforme já informado pela manifestação de *fls. 344,* complementada pela de *fls. 352/359*. Ademais, como já afirmado na manifestação de *fls. 368/369*, a documentação examinada no âmbito do processo falimentar não se mostrou útil a demonstrar maiores informações a respeito desse imbróglio.

d) Por fim, para cumprimento do solicitado no "item d", ***REQUER-SE*** seja deferido o prazo de 30 dias para atendimento, devido a necessidade de diligência em autos físicos.

Nestes termos,
Pede Deferimento.
São Paulo, 16 de setembro de 2020

**ADJUD Administradores Judiciais Ltda.**          **João Carlos Silveira**
*Vânio Cesar Pickler Aguiar*                                  *OAB/SP 52.052*
p/ Administradora Judicial

Este documento é cópia do original, assinado digitalmente por CARLOS EDUARDO RAMOS PEREDA SILVEIRA, protocolado em 16/09/2020 às 16:13 , sob o número WJMJ20414440773
Para conferir o original, acesse o site https://esaj.tjsp.jus.br/pastadigital/pg/abrirConferenciaDocumento.do, informe o processo 0057173-22.2013.8.26.0100 e código 9BBBB0E.