**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| MatlinPatterson Global Opportunities Partners II L.P., *et al.*, | ) | Case No. 21-11255 (DSJ) |
|  | ) |  |
| Debtors.[1] | ) | (Jointly Administered) |
|  | ) |  |

**ORDER GRANTING UNRESOLVED PORTION OF DEBTORS' OBJECTION TO
CLAIM FILED BY MR. LUIZ EDUARDO GALLO**

This Order addresses issues that the Court left unresolved while in substantial part granting *Debtors' Objection to the Claim Filed by Mr. Luiz Eduardo Gallo* (the "***Claim Objection***", ECF No. 967)[2] objecting to a claim filed by Mr. Luiz Eduardo Gallo pursuant to Section 502 of the Bankruptcy Code and Bankruptcy Rule 3007.   This Order assumes familiarity with relevant prior proceedings and orders, all of which are not fully detailed herein.   In essence, Mr. Gallo asserts that he is entitled to indemnification (or damages for failure to indemnify) against liability he incurred in Brazil as a guarantor, affiliate, former employee, or officer of one or more Debtor entities.   Mr. Gallo asserts that the Debtor entities discontinued operations in Brazil, thus exposing him to extensive, burdensome liability and legal demands against which the Debtor entities were contractually obligated to indemnify him.

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, if any, are: MatlinPatterson Global Opportunities Partners II L.P. (8284); MatlinPatterson Global Opportunities Partners (Cayman) II L.P. (8246); MatlinPatterson Global Partners II LLC (6962); MatlinPatterson Global Advisers LLC (2931); MatlinPatterson PE Holdings LLC (6900); Volo Logistics LLC (8287); MatlinPatterson Global Opportunities Partners (SUB) II L.P. (9209). The location of the Debtors' address is: 300 East 95th Street, Suite 102, New York, New York 10128.

[2]   Capitalized terms used but not otherwise herein defined shall have the meanings ascribed to them in the Claim Objection.

This Court has jurisdiction to consider the Claim Objection pursuant to 28 U.S.C. §§ 1334 and 157, and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated January 31, 2012; this is a core matter pursuant to 28 U.S.C. § 157(b)(2); this Court may enter a final order consistent with Article III of the United States Constitution; venue of the Chapter 11 Cases and of the Claim Objection is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due and sufficient notice and service of the Claim Objection has been provided under the particular circumstances, and no other or further notice need be provided.  The Court conducted a hearing on August 17, 2023 (the "***Hearing***"), at which it made an oral ruling that is incorporated herein, and the Court thereafter entered an order [ECF No. 1005] partially granting the Claim Objection while reserving decision as to one issue stated in the order and, earlier, in the oral ruling, while permitting Mr. Gallo to make a supplemental submission substantiating assertions he made on the record at the Hearing that suggested there may be aspects of his claim that are not time-barred.

The Court's oral ruling during the Hearing is not set forth herein, but details the nature of the dispute and the Court's resolution of almost all of it.  The Hearing's transcript ("**Tr.**") is docketed at ECF No. 1004.  The Court agreed with Debtors that, due to a 2008 agreement that superseded an earlier 2006 agreement, Mr. Gallo had indemnification rights pursuant to contract but limited to Debtor Volo LLC, whose estate is administratively insolvent and contains just $17 in cash.  Further, Mr. Gallo's claims were largely time-barred, except that, during the Hearing, he asserted that he was continuing to assert liability and encounter new claims on an ongoing basis. The Court observed that these late-arriving claims may not be time-barred, and it allowed Mr. Gallo an opportunity to present additional information to substantiate any aspect of his claim that

related to non-time-barred liabilities as to which he asserted he had an indemnification right from any debtor.

Specifically, the Court directed that its "ruling does not reject claims that Mr. Gallo may be asserting arising from labor-related claims against him to which he has referred deriving from his work during relevant periods with debtor-related entities. But he will have to prove out the existence and timeliness of those claims. And those claims would lie solely as against Volo LLC." [Tr. 23:24–24:5]. The Court further instructed that "the Court will either rule on the papers or if . . . it believes it necessary, will schedule a further hearing." [Tr. 34:17–19]. The Court's oral ruling went on to grant all other aspects of the Claim Objection. The Court's oral ruling was memorialized, and procedural next steps set forth, in an order entered shortly after the Hearing. [ECF No. 1005]. The order required Mr. Gallo to inform Debtors' counsel if he wished to pursue his claim, and to propose a briefing schedule. [ECF No. 1005 at 2–3]. After some procedural communications, on August 25, 2023, the Court so-ordered a schedule for further briefing [ECF No. 1024], which the Court subsequently modified on October 6, 2023 [ECF No. 1036].

Thus, by the Court's prior ruling, Mr. Gallo had and has the burden of "prov[ing] the existence and timeliness" of the claims or parts of claims that he alleges are (i) covered by Volo LLC's indemnification obligations, and (ii) not time-barred.

Mr. Gallo has made a series of submissions in an attempt to establish these aspects of his claims. The most pertinent appear at ECF Nos. 1027 and 1043, but Mr. Gallo also made other more procedurally focused and/or immaterial submissions. Debtor has submitted an opposition. [ECF No. 1042]. The Court has reviewed the papers and reached the following findings of fact and conclusions of law:

1.      The Court adheres to its prior rulings, which are briefly restated here solely for ease of reference.  First,  Debtors demonstrated that many of Mr. Gallo's claims were time-barred, and the Court disallowed those aspects of Mr. Gallo's claim for that reason, a ruling that this Order does not disturb.  Additionally, the Court adheres to its prior ruling that Volo LLC is the only Debtor that is potentially liable on account of Mr. Gallo's claim, because Mr. Gallo in 2008 entered a contract that superseded a prior agreement and that made Volo LLC solely responsible for any indemnification obligation in connection with Mr. Gallo's employment at Debtor-related entities. Mr. Gallo received monetary consideration in connection with his entering that agreement.  The Court also adheres to its prior finding, unopposed by Mr. Gallo, that Volo LLC is an administratively insolvent debtor or estate with only $17 in cash.  Even so, the Court has given Mr. Gallo the opportunity to demonstrate that he has viable, non-time-barred claims against Volo LLC.

2.      Consideration of Mr. Gallo's current claimed entitlements is governed by the law applicable to proofs of claim and claim objections.  "When a debtor declares bankruptcy, each of its creditors is entitled to file a proof of claim–*i.e.*, a document providing proof of a 'right to payment,' 11 U.S.C. § 101(5)(A)–against the debtor's estate." *Travelers Cas. & Sur. Co. of Am. v. Pacific Gas and Elec. Co.*, 549 U.S. 443, 449 (2007).  A claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a).  If the claim is properly signed and filed, it is *prima facie* evidence of the validity and amount of the claim.  *See* Fed. R. Bankr. P. 3001(f).  A party in interest may object to a proof of claim, and once an objection is made, the Court must determine whether the objection is well founded.  *See* 4 Collier on Bankruptcy ¶ 502.02 (16th 2023).  "Although Bankruptcy Rule 3001(f) establishes the initial evidentiary effect of a filed claim, the burden of proof rests on different parties at different times for an unsecured claim." *In*

4

*re Sears Holdings Corp.*, Case No. 18-23538, 2023 WL 3470475, at *2 (Bankr. S.D.N.Y. May 15, 2023) (citing *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173 (3d Cir. 1992)). "[A]n objector can overcome a claim's presumptive legal validity by producing 'evidence equal in force to the prima facie case . . . which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency.'" *Id.* (quoting *In re Oneida, Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009), *aff'd sub nom. Peter J. Solomon Co. v. Oneida Ltd.*, No. 09-cv-2229, 2010 WL 234827 (S.D.N.Y. Jan. 22, 2010) (internal citations and quotations omitted)). "The burden then reverts to the claimant, who must 'prove by a preponderance of the evidence that under applicable law the claim should be allowed.'" *Id.* (quoting *Oneida*, 400 B.R. at 389); *see also Rozier v. Rescap Borrower Claims Tr. (In re Residential Cap., LLC)*, No. 15 Civ. 3248, 2016 WL 796860, at *9 (S.D.N.Y. Feb. 22, 2016); *Hasson v. Motors Liquidation Co. GUC Trust (In re Motors Liquidation Co.)*, No. 09-50026, 2012 WL 1886755, at *3 (S.D.N.Y. May 21, 2012). Section 502(b) sets forth the grounds for disallowing a properly filed proof of claim. *See* 11 U.S.C. § 502(b); *see also Travelers Cas. & Sur. Co. of Am.*, 549 U.S. at 449 ("But even where a party in interest objects [to a claim], the court 'shall allow' the claim 'except to the extent that' the claim implicates any of the nine exceptions enumerated in § 502(b).").

3.        Applying these standards here, Debtors have presented evidence and substantial reason to question the validity of Mr. Gallo's claim, thus "overcom[ing the] claim's presumptive legal validity" and requiring Mr. Gallo to "prove by a preponderance of the evidence that under applicable law the claim should be allowed." *See supra* ¶ 2. This Order therefore reviews each of Mr. Gallo's asserted entitlements and Debtors' responses thereto to assess whether Mr. Gallo has met this burden. At the outset of this discussion, the Court acknowledges that Mr. Gallo is representing himself seemingly without assistance of counsel, and is a Brazilian whose first

5

language is Portuguese, so that he faces challenges in properly explaining and presenting his claims. His initial submission [ECF No. 1027] appears to be a spliced-together mix of his own explanations with translated excerpts of Brazilian court records, and it fails to present information or explanations sufficient to meet Mr. Gallo's burden to establish the claims' viability. After Debtors filed a Response [ECF No. 1042], Mr. Gallo filed an additional submission [ECF No. 1043] that is slightly clearer, and that is the focus of this Order.

4.      Debtor's Response first objected that Mr. Gallo's remaining claims are not "indemnifiable" because he "did not provide contemporaneous notification of the claims as required by the . . . 2008 Indemnity Agreement and applicable Brazilian law." [ECF No. 1042 ¶ 10]. Specifically, Section 1.2 of the governing 2008 agreement, which is attached as an exhibit to Proof of Claim No. 54, provides that if Mr. Gallo receives notice of any action within the scope of the agreement's indemnification provisions, he must "inform this event to Volo LLC [sic] by means of notice and in the form of Section 6 below, within a term resulting in at least two thirds (2/3) of the term for submission of the defense or answer with respect to the liability, identifying the nature of the liability and attaching copies of the notice, notification, notice of violation, service of process or summons [received by Mr. Gallo], under penalty of inapplicability of the provisions of this section [i.e., the indemnification provisions]." Section 6 of the agreement, in turn, further requires Mr. Gallo to mail or email any such notice to one of two specified individuals at the address or email address listed in Section 6. Debtors' Response observes that "Mr. Gallo offers no evidence, and Debtors having searched their own files are aware of none, that he ever presented the claims for which he now seeks indemnification prior to claiming them for the first time before this Court." [ECF No. 1042 ¶ 13]. Having received this contention, Mr. Gallo responded, "I had sent several notifications to Debtors in connection with the claims," and these "were already

6

attached to these files" [ECF No. 1043 at 2], without identifying the "files" to which he refers.  He

points, however, to (i) an unidentified "Exhibit B," which the Court, having reviewed all relevant

submissions, concludes does not exist; and (ii) paragraph 22 of Debtors' Response and to

documents referenced therein, which he says demonstrate that Debtors' assertion is incorrect.  But

Debtors' Response does not point to any contemporaneous record of timely notice of an

indemnification request or demand, let alone one that satisfied the formal requirements of Sections

1.2 and 6; rather, the portion of Debtors' Response that Mr. Gallo cites merely recaps and describes

documentation attached to Mr. Gallo's proof of claim and other submissions to this Court, certain

of which suggest that Mr. Gallo retained his own counsel and provided notice of certain actions

(without clearly specifying which ones) too late for Debtors to defend him, and none of which

establish timely submission to Debtors of an indemnification request or demand compliant with

Sections 1.2 and 6 of the 2008 agreement.  Further, the Court has carefully reviewed Mr. Gallo's

earlier submission [ECF No. 1027] and the documentation attached to Proof of Claim No. 54 and

does not see any record or attestation of a prior, contemporaneous, formally-sufficient claim

notification or demand for indemnification submitted to Volo LLC.  Accordingly, Mr. Gallo has

not satisfied his burden of showing a valid ongoing claim for indemnification that satisfied the

agreement's requirement of contemporaneous notification to Volo LLC of any claims against Mr.

Gallo.  For this reason, the remaining, unresolved portions of his claim are disallowed and

expunged.

5.       Debtors also object that it "stands to reason that likely much or most of the amounts

Mr. Gallo now claims before this Court are the result of claims asserted against Mr. Gallo in

consequence of . . . wrongdoing," which Debtors contend would not be eligible for

indemnification.  [ECF No. 1042 ¶ 15].  This contention, however, appears speculative and is

contested by Mr. Gallo.  [ECF No. 1043 at 3].  The Court therefore declines to disallow claims on this basis, an outcome that does not overcome the Court's grant of the Claim Objection based on Mr. Gallo's failure to demonstrate that he properly and timely submitted demands for indemnification to Volo LLC in the first place.

6.      Also because Mr. Gallo's failure to show that he made the contractually required contemporaneous notice of claims alone precludes his claim, the Court need not decide the next objection raised by Debtors, which is that many (but not all) of Mr. Gallo's claims do not involve "final unappealable judgments," which Debtors say are required before an indemnification right attaches.  [ECF No. 1042 ¶¶ 16–18].  Debtors quote portions of the contract that indeed appear to require such finality for indemnity rights to be triggered, and Mr. Gallo has not rebutted that showing.  Thus, to the extent Mr. Gallo seems indemnification for claims as to which there is no final judgment, Debtors' Claim Objection is granted on this independent basis as well.  However, Debtors do not assert that *all* claims for which Mr. Gallo seeks indemnification were not final. The Court need not itemize which claims were or were not final and eligible for indemnification in light of the notice deficiencies described above.

7.      The Court concludes a disputed issue of fact exists with respect to Debtors' objection that claims asserted in connection with Brazilian judicial claims against Mr. Gallo's current or former wife, Mrs. Paula Gallo, are outside the scope of the indemnification agreement. [ECF No. 1042 ¶¶ 19–20].  Debtors object that those claims on their face cannot be subject to indemnification rights from Volo LLC, but Mr. Gallo responds that the claims at issue are collection actions taken against his wife to enforce alleged Volo-related liability of his own against marital property.  [ECF No. 1043 at 4].  Were it necessary to resolve this issue, the Court likely

8

would require further evidence and, possibly, an evidentiary hearing.  However, the lack of demonstrated contemporaneous claim notice is fatal to the claim.

8.      The Court does agree with Debtors' contention that it does not owe indemnification for attorneys' fees or court costs because such an indemnification obligation arises only in "any of the cases where Volo LLC decides to submit a defense or answer with respect to the liability." [ECF No. 1042 ¶ 22].  Mr. Gallo has not rebutted Debtors' showing of this contractual requirement, nor has he shown evidence that Volo LLC ever agreed to "submit a defense or answer."  In fact, Mr. Gallo's complaint that Volo LLC failed to do so is inconsistent with the possibility that Volo took on this obligation and thus became responsible for fees and costs.  Thus, any contingent or unliquidated claims by Mr. Gallo for indemnification or contribution with respect to attorneys' fees or court costs are disallowed on this independent basis as well.

9.      The Court also agrees with Debtors' contention that ongoing but incomplete and possible future claims against Mr. Gallo do not give rise to a viable claim against Volo LLC or any other Debtor in light of Section 502(e)(1)(B) of the Bankruptcy Code.  That section requires that the Court "shall disallow any claim for reimbursement or contribution of an entity that is liable with the debtor on or has secured the claim of a creditor, to the extent that . . . such claim . . . is contingent as of the time of allowance or disallowance of such claim . . . ."  11 U.S.C. § 502(e)(1)(B).  Claims for indemnification fall within the sweep of this provision.  *See In re GCO Servs., LLC*, 324 B.R. 459, 465 (Bankr. S.D.N.Y. 2005).  In fact, the court in *In re GCO Services* commented in entirely analogous circumstances that the statute's "purpose" is "to prevent contingent, unresolved indemnification or contribution claims from delaying the consummation of a plan of reorganization or a final distribution . . . .  [T]hey are precisely the type of claims that Congress determined should be disallowed under Section 502(e)(1)(B).  *Id.* at 466–67.  Thus, any

9

contingent or unliquidated claims by Mr. Gallo for indemnification or contribution are disallowed on this independent basis as well.

10.     Finally, the Court acknowledges that Mr. Gallo appears to request additional time or discovery opportunity.   That request is denied.   The Court might excuse Mr. Gallo's noncompliance with the Court's discovery practices given his foreign residence and *pro se* status, but he has failed to present evidence that should be within his own control even to controvert the basis shown by Defendants of the insufficiency of his claims.  Moreover, Debtors have shown that the only resources available to satisfy any allowed claim are the $17 remaining in the Volo LLC estate.  Federal Rule of Civil Procedure 26(b), made applicable here by Bankruptcy Rules 7026 and 9014, calls for limiting or forbidding unduly burdensome discovery, and discovery should be managed bearing in mind factors including the "amount in controversy" and "the parties' resources," as well as "the importance of the discovery in resolving the issues."  Fed. R. Civ. P. 26(b).  The face amount of Mr. Gallo's claim appears large, and the Court acknowledges his feelings of being ill-used and abandoned by Debtors, but the total of just $17 that could ever be reached by Mr. Gallo does not justify further expenditure of resources on discovery, whether one views that amount as functionally "the amount in controversy" or a limitation on "the parties' resources."  This is all the more true because Mr. Gallo has not presented evidence that should be in his possession to corroborate his eligibility for indemnification, and because he has not made arguments that give the Court reason to think it likely that discovery would change the outcome.

11.     For the reasons stated above, the Court grants Debtors' objection to the remaining portions of Mr. Gallo's claim, and, accordingly, disallows and expunges that claim.

12.     This Court retains exclusive jurisdiction with respect to all matters arising from or

related to the implementation, interpretation, and enforcement of this Order.

**It is so ordered.**

Dated: New York, New York
      December 21, 2023

                                       *s/ David S. Jones*
                                     Honorable David S. Jones
                                     United States Bankruptcy Judge