UNITED STATES BANKRUPTCY COURT           <u>NOT FOR PUBLICATION</u>
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| MatlinPatterson Global Opportunities Partners II L.P., *et al.*, | Case No. 21-11255 (DSJ) |
| Debtors.[1] | (Jointly Administered) |

## DECISION AND ORDER DENYING MOTION FOR RECONSIDERATION OF GRANT OF OBJECTION TO THE CLAIM FILED BY MR. LUIZ EDUARDO GALLO

Mr. Luiz Eduardo Gallo, a self-represented individual who resides in Brazil and who previously submitted multiple substantively identical claims in the above-referenced bankruptcy case, has submitted a further application in response to this Court's order of December 21, 2023, which granted Debtors' objections to the limited remaining portion of Mr. Gallo's claim or claims that had not been disallowed by an earlier order. *See* ECF No. 1061 (hereinafter, the "Order"); ECF No. 1064 (Mr. Gallo's written communication dated December 26, 2023, asking if he is "allowed to challenge this latest decision . . . ."). On January 2, 2024, Mr. Gallo submitted a letter he termed a "contestation" to this Court. *See* ECF No. 1067 (hereinafter, the "Letter") at 1. Upon receipt of the Letter, the Court entered a Scheduling Order on January 5, 2024, calling for a response by Debtors to address whatever they perceived the Letter stated as grounds for relief under any applicable law, including Rules 59 and/or 60 of the Federal Rules of Civil Procedure (respectively, "Rule 59" and "Rule 60", together, the "Rules"), as made applicable to this

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, if any, are: MatlinPatterson Global Opportunities Partners II L.P. (8284); MatlinPatterson Global Opportunities Partners (Cayman) II L.P. (8246); MatlinPatterson Global Partners II LLC (6962); MatlinPatterson Global Advisers LLC (2931); MatlinPatterson PE Holdings LLC (6900); Volo Logistics LLC (8287); MatlinPatterson Global Opportunities Partners (SUB) II L.P. (9209). The location of the Debtors' address is: 300 East 95th Street, Suite 102, New York, New York 10128. As the Court found in its order of August 18, 2023, that Mr. Luiz Eduardo Gallo could only assert the claims at issue in this decision against debtor Volo Logistics LLC, *see* ECF No. 1005 at 1-3, all references to "Debtor" in the singular refer to that entity.

proceeding by Federal Rules of Bankruptcy Procedure 9023 and 9024, respectively. *See* ECF No. 1070.

This Decision and Order assumes familiarity with the case's record and all prior proceedings.

This Court has jurisdiction to consider the motion for reconsideration pursuant to 28 U.S.C. §§ 1334 and 157 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated January 31, 2012; this is a core matter pursuant to 28 U.S.C. § 157(b)(2); this Court may enter a final order consistent with Article III of the United States Constitution; venue of the Chapter 11 Cases and of this motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; due and sufficient notice and service of the motion has been provided under the particular circumstances; and no other or further notice need be provided.

Neither Mr. Gallo nor the Debtors have identified any grounds other than Rules 59 and 60 for contesting the Order in this Court. Accordingly, this Decision and Order applies the standards that govern applications for relief under those Rules. Because Mr. Gallo is proceeding *pro se*, the Court will "read the pleadings of [Mr. Gallo] liberally and interpret them 'to raise the strongest arguments that they suggest.'" *In re Ditech Holding Corp.*, No. 19-10412 (JLG), 2021 Bankr. LEXIS 1489, at *8 (Bankr. S.D.N.Y. June 1, 2021) (quoting *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999)) (further citations omitted).

Further, because Mr. Gallo's inquiry of December 26, 2023, refers only to "this latest decision," the Court interprets the Letter as challenging only the Order and as not seeking to disturb the Court's prior ruling of August 18, 2023, which among other things disallowed the majority of Mr. Gallo's claim while providing for further consideration of a subset of his asserted entitlement to relief; that August 18 ruling also held that Mr. Gallo's only potentially live claim would be

2

against only one essentially asset-free Debtor entity. *See* ECF No. 1064; Order at ¶ 11; ECF No. 1005 (the ruling of August 18, 2023); Order at ¶ 10 (noting based on Debtors' uncontested showing that Mr. Gallo could at most collect $17 from the bankruptcy estate of Volo Logistics, LLC (hereinafter, "Volo LLC")). Similarly, as the headings of Mr. Gallo's inquiry of December 26, 2023, and the Letter refer only to Claim No. 54, this Court interprets the motion as seeking reconsideration or relief only with respect to the Court's disposition of that claim, which Mr. Gallo filed against Volo LLC. *See* ECF No. 1064 at 1; Letter at 1; Proof of Claim No. 54 (hereinafter, the "Claim") at 1.

**Rule 59(e)**

Rule 59, in its subsections (a) through (e), sets out the standards for a court to either grant a new trial or alter or amend a judgment. Subsections (a) through (d) govern the granting of a new trial. This Court held no trial with respect to Mr. Gallo's claims, so subsection (e) is the Rule's only possible avenue for Mr. Gallo to seek relief. Rule 59(e) is headed "Motion to Alter or Amend a Judgment." The rule does not specify grounds for relief from a judgment, instead merely stating a timing requirement, namely, that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). The Court received the Letter on January 2, 2024, which is less than 28 days after the December 21, 2023, entry of the Order.

As to the motion's merits, in this Circuit, courts apply exacting standards to all Rule 59 motions. "[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012), *as amended* (July 13, 2012) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)). Furthermore, a Rule 59 motion cannot not serve as "an opportunity for a party to 'plug[] the gaps of a lost motion with additional matters.'" *In re Adelphia*

3

[Commc'ns Corp., 639 B.R. 657, 661 (Bankr. S.D.N.Y. 2022)](#) (quoting *Cruz v. Barnhart*, No. 04 Civ. 9794 (DLC), 2006 WL 547681, at *1 (S.D.N.Y. Mar. 7, 2006)) (further citations omitted). Similarly, "[a]rguments raised for the first time on a motion for reconsideration are therefore untimely." [*Id.*](#) (quoting *Cruz*, 2006 WL 547681, at *1) (further citations omitted).

Mr. Gallo has failed to establish entitlement to relief under Rule 59 because the Letter presents no controlling decisions or data that the Court overlooked. The Court's prior orders rejected Mr. Gallo's contention that a 2008 agreement gave him indemnification rights that Debtors violated over time. *See* ECF No. 1005 at ¶ 3; Order at ¶ 11. In the Letter, Mr. Gallo submits three sets of emails that he contends call for reconsideration of the Order. *See* Letter at 1-6. First, Mr. Gallo submits an email chain from the year 2009 (hereinafter, the "2009 Emails") and his own translation of it. *See id.* at 2-3. The 2009 Emails discuss the closure of an office in Brazil. *See id.* at 2. Regarding this email chain, Mr. Gallo writes "According to clause 6.1, any change to the data mentioned in Clause 6 should be communicated immediately, AND THIS DID NOT HAPPEN. Or if it happened that the evidence was presented." *Id.* at 1. To the extent Mr. Gallo complains that one or more of the Debtors failed to update contact information as called for by the Settlement Between Volo Logistics LLC and Luiz Eduardo Gallo Dated October 8, 2008 (hereinafter, the "2008 Agreement"), *see* Claim at 31-34 (Mr. Gallo attached the 2008 Agreement as an exhibit to the Claim; Sections 6 and 6.1 of the 2008 Agreement govern notice requirements), he has not shown that any such failure has any bearing on his entitlements now. Any claim for the asserted 2009 violation of contractual notice requirements is both waived and long time-barred. And – even if a failure to provide updated contact information could alone support some legal claim in some circumstances – Mr. Gallo has not shown any continuing harm or any other possible timeliness-extending theory preserving any such claim.

In fact, the record establishes that Mr. Gallo found ways to communicate with the Debtors or their predecessors over many years. *See* ECF No. 1004 (Transcript of Hearing on August 17, 2023) at 13 (lines 19-21), 17 (lines 23-24) (referencing May 2015 communications between Mr. Gallo and/or his counsel and Debtors or related entities concerning Mr. Gallo's alleged liabilities and entitlements as against what became the Debtors).

Moreover, Mr. Gallo does not show that he ever sent Debtors any substantive communications that would meet applicable contractual requirements to trigger indemnification obligations. Section 6 of the 2008 Agreement (hereinafter, "Section 6") required that Mr. Gallo send all "notices, warnings or communications" for Volo LLC to either Ms. Patrícia Helena dos Santos Marques or Ms. Kely Nakashima da Silva by email or by mail to an address in São Paulo, Brazil. *See* Claim at 33. Section 6 thus appears to mean that, for Mr. Gallo's 2009 (or subsequent) emails to constitute a contractually sufficient demand, they must at a minimum individually or collectively show that Mr. Gallo sent "prior, contemporaneous, formally-sufficient claim notification or demand for indemnification" to Volo LLC in the manner directed by Section 6. *See* [*Analytical Survs., Inc.*, 684 F.3d at 52](); Order at ¶ 4. As presented in the Letter, the 2009 Emails do not contain "subpoenas from the Labor Court," and the 2009 Emails give no details about such subpoenas which might allow this Court to assess whether the subpoenas met the requirements of Section 1.2 of the 2008 Agreement (hereinafter, "Section 1.2"), which sets forth the timing and level of detail of notice required to trigger any indemnity obligation. *See* Letter at 2-3; Claim at 32. Thus, even if one could excuse in the circumstances that the parties to the 2009 Emails are not those specified by Section 6 as the persons to receive notice on behalf of the Debtor, the 2009 Emails do not actually show "the evidence was presented" as the Letter alleges, Letter at 1, and

5

for that reason reveal no information sufficiently controlling to warrant reconsideration of the Order. See *Analytical Survs., Inc.*, 684 F.3d at 52.

Mr. Gallo nowhere argues that, and the Court sees no reason why, a failure to update contractually listed contact information in or before 2009 eliminates this substantive contractual requirement, especially when such failure did not prevent successful communications between Mr. Gallo and Debtors' predecessors. And, as noted, Mr. Gallo has never shown that he ever transmitted communications that included all information required to trigger entitlement to indemnification.

The second set of emails that Mr. Gallo now presents between himself and persons connected with the Debtors comes from 2019 and concerns legal proceedings in Brazil. Like the 2009 email exchange, this 2019 email chain and Mr. Gallo's commentary surrounding it do not offer any "controlling" information, as they do not show a "prior, contemporaneous, formally-sufficient claim notification or demand for indemnification submitted to Volo LLC." *Analytical Survs., Inc.*, 684 F.3d at 52; Order at ¶ 4. The 2019 email chain at most could be read to inform the Debtor that Mr. Gallo faced "serious" legal exposure in Brazil, *see* Letter at 4; it does not show that Mr. Gallo sent "within a term resulting in at least two thirds (2/3) of the term for submission of the defense or answer with respect to the liability . . . copies of the notice, notification, notice of violation, service of process, or summons" as required by Section 1.2. *See* Claim at 32. Thus, the 2019 email chain fails to present any information of a "controlling" nature that might conceivably cause the Court to reconsider the Order based on a belated showing of valid or sufficient notice to the Debtor. See *Analytical Survs., Inc.*, 684 F.3d at 52.

Lastly, the Letter contains an email that Mr. Gallo sent in 2020 (hereinafter, the "2020 Email") to persons connected with the Debtor about Mr. Gallo's legal representation, focusing on

6

his legal costs.  *See* Letter at 5-6.  This email has been before the Court ever since Mr. Gallo first asserted his claims.  *See* Claim at 81-82.  The 2020 Email cannot support a Rule 59 motion on the grounds that it contains "controlling" information, because, although it does provide some details of Mr. Gallo's legal fees at that time, it does not "identify[] the nature of the liability and attach[] copies of the notice, notification, notice of violation, service of process, or summons" as required by Section 1.2.  Letter at 5-6; Claim at 32; *see Analytical Survs., Inc.*, 684 F.3d at 52.  The Court already "carefully reviewed . . . the documentation attached to Proof of Claim No. 54 and [did] not see any record or attestation of a prior, contemporaneous, formally-sufficient claim notification or demand for indemnification submitted to Volo LLC."  Order at ¶ 4.  The Letter does not identify anything justifying relief, both because the 2020 Email does not provide new information that the Court overlooked and because it does not undermine the Court's earlier conclusion.

In sum, the Letter identifies no material information that this Court overlooked when it issued the Order, let alone any information that would permit or require the Court to reconsider the Order under Rule 59(e).  The Court accordingly denies Mr. Gallo's Rule 59 motion to reconsider the Order.

**Rule 60(b)**

Rule 60(b) lays out the grounds for relief from judgments.  Courts in this Circuit grant Rule 60(b) motions "only upon a showing of exceptional circumstances."  *United States v. Int'l Bhd. of Teamsters*, 179 F.R.D. 444, 447 (S.D.N.Y. 1998) (quoting *Nemaizer v. Baker,* 793 F.2d 58, 61 (2d Cir. 1986)).  "All motions under Rule 60(b) must be made within a reasonable time, and for a motion under subsection (1), (2), or (3), no later than a year after the entry of judgment."  *Stevens v. Miller,* 676 F.3d 62, 67 (2d Cir. 2012) (citing Fed. R. Civ. P. 60(c)).  Mr. Gallo's motion is

timely under Rule 60 because the Court received his Letter on January 2, 2024, less than two weeks after entry of the December 21 Order.

Mr. Gallo's Letter does not specify any grounds for relief under Rule 60(b). In view of his *pro se* status, this Order considers each of the six possible grounds.

**Rule 60(b)(1): Mistake, Inadvertence, Surprise, or Excusable Neglect**

A court may grant relief from judgment under Rule 60(b)(1) for "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). This subsection allows a court "to correct legal errors by the court." *United Airlines, Inc. v. Brien*, 588 F.3d 158, 175 (2d Cir. 2009) (further citations omitted). Read liberally, the Letter appears to suggest that 1) Debtor breached Section 6 by closing the office in São Paulo and dismissing the employees designated in Section 6, *see* Letter at 1-3, and 2) therefore, because of such alleged breach and in light of Mr. Gallo's alleged attempts to give notice to the Debtor via the 2009 Emails, the Court should hold that the Debtor had constructive notice of the claims against him in sufficient detail to trigger the indemnity provisions of the 2008 Agreement. *See id.* at 1 (referring to "the dismissed employees" as being "both indicated in Clause 6 to receive my notifications[.]").

But, as noted above, any claims from a breach occurring in 2009 are long time-barred, and Mr. Gallo's and his counsel's acknowledged communications with Debtors in 2015 make clear that the 2009 office closure and unavailability of two individuals had no bearing on Mr. Gallo's ongoing efforts to secure compensation, at least as of his acknowledged communications with Debtor representatives in 2015 (which also precedes any possible last day for accrual of a claim that is not time-barred). Moreover, the 2008 Agreement does not work the way Mr. Gallo suggests. Rather, under Section 6.1 of the 2008 Agreement (hereinafter, "Section 6.1"), the only remedy for breach of Section 6 is the "validity of the communications sent to the addresses informed therein."

8

*See* Claim at 33. The Court interprets Section 6.1 to mean that even if Debtor had closed the São Paulo office and terminated the employees designated in Section 6—as alleged by Mr. Gallo, *see* Letter at 1-3—for Mr. Gallo to trigger the indemnity provisions he needed only to have sent notice with the level of detail specified by Section 1.2 to the emails or the mailing address specified in Section 6, regardless of whether the emails bounced back or the mail was returned as undeliverable. Upon such bounce back or return, Section 6.1 would deem the Debtor to have received notice of everything in the communication.

It bears emphasis that any claim for a failure to meet asserted indemnity obligations as of 2009 became time-barred years ago; Mr. Gallo has never contested Debtors' contention that the longest possibly applicable statute of limitations for any theory he has advanced is six years from accrual. Mr. Gallo's contention also is substantively deficient in that he has never shown that any of his communications could have triggered any indemnification obligation, because none complied with the 2008 Agreement's requirement that he provide specified types of information and documentation to the Debtor within the timeframes required by Section 1.2. *See* Order at ¶ 4. Had he done so, and if his claim were not time-barred, *and* if Debtor indeed breached Section 6 by failing to provide updated contact information upon the office closure that Mr. Gallo asserts, then Mr. Gallo might conceivably have a viable path to relief in partial reliance on Section 6.1. But Mr. Gallo has presented no evidence of having sent notice that complied with both Sections 1.2 and 6. Thus, both for timeliness and substantive merits reasons, he has failed to establish that the Order erred in a way that justifies relief from the Order under Rule 60(b)(1).

**Rule 60(b)(2): Newly Discovered Evidence**

Rule 60(b)(2) allows a court to grant relief due to "newly discovered evidence that, with reasonable diligence, could not have been discovered in time . . . ." Fed. R. Civ. P. 60(b)(2). To

9

win any such motion, the movant must explain why he was "justifiably ignorant of [the evidence] despite due diligence." *United States v. Int'l Bhd. of Teamsters*, 179 F.R.D. 444, 447 (S.D.N.Y. 1998). Mr. Gallo's Letter identifies no newly discovered evidence. Rather, in the Letter, Mr. Gallo writes, "Regarding the actions with final and unappealable sentencing decisions, especially the one affecting Mrs Paula Gallo and other family members, I ask that an evidentiary hearing be granted." Letter at 7 (exact transcription). Mr. Gallo's motion never asserts that the emails submitted in the Letter represent newly discovered evidence or that there exists any other newly discovered evidence. Nor does it appear that they could be, as all the emails submitted with the Letter include Mr. Gallo as either a sender or recipient, and Mr. Gallo never attempts to explain why he could not have discovered and presented them while litigating before the entry of the Order. And in fact, Mr. Gallo submitted the 2020 Email to the Court as an attachment to his Claim. *See* Claim at 81-82. Mr. Gallo thus had ample earlier opportunity to produce evidence of "the actions with final and unappealable sentencing decisions." Letter at 7; *see* ECF No. 1027 at 1. He failed to produce such evidence before, and, for that matter, he fails to produce material new evidence even now. The Court therefore denies relief under Rule 60(b)(2).

**Rule 60(b)(3): Fraud, Misrepresentation, or Misconduct**

Under Rule 60(b)(3), a movant may seek relief from a judgment for "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party . . . ." Fed. R. Civ. P. 60(b)(3). "To prevail on a Rule 60(b)(3) motion, a movant 'must show that the conduct complained of prevented the moving party from fully and fairly presenting his case.'" *State St. Bank & Tr. Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 176 (2d Cir. 2004) (quoting *Taylor v. Texgas Corp.*, 831 F.2d 255, 259 (11th Cir. 1987) (further citations omitted)). The Letter states, "We cannot let the insolvency argument prosper: an American company, which

10

falsifies accounting balances, breaks [sic] contract clauses, cannot claim that it only has US$17 to honor its commitments[.]" Letter at 7 (exact transcription). One might liberally read this passage to conclusorily assert fraud, misrepresentation, or misconduct, but Mr. Gallo presents no evidence or even explanation even plausibly suggesting fraud, and certainly nothing with any bearing or effect on Mr. Gallo's ability to "fully and fairly present[] his case." *State St. Bank*, 374 F.3d at 176. Accordingly, the Court denies any relief under Rule 60(b)(3).

**Rule 60(b)(4): Void Judgments**

Rule 60(b)(4), which offers relief from void judgments, has no application to this motion. The Letter does not contend that the Order is void, and it identifies nothing that would make the Order void.

**Rule 60(b)(5): Satisfaction, Reversal, or Vacatur of an Earlier Judgment**

Rule 60(b)(5) allows a court to grant relief from a judgment when "the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable. . . ." Fed. R. Civ. P. 60(b)(5). None of these grounds applies to Mr. Gallo's motion. The Order imposed no judgment for a party to satisfy, and it rested on no earlier judgment. *See* Order at ¶ 11. Further, "[t]hat a judgment or order sought to be modified has prospective force is an indispensable condition for obtaining relief from that judgment or order under the third set of circumstances listed in Rule 60(b)(5)." *Tapper v. Hearn*, 833 F.3d 166, 172 (2d Cir. 2016) (citing *Comfort v. Lynn Sch. Comm.*, 560 F.3d 22, 28 (1st Cir. 2009)). "[A] final judgment or order has 'prospective application' for purposes of Rule 60(b)(5) only where it is 'executory or involves the supervision of changing conduct or conditions.'" *Tapper*, 833 F.3d at 170–71 (quoting *DeWeerth v. Baldinger*, 38 F.3d 1266, 1275 (2d Cir. 1994) (further citations omitted)). "[A] judgment is not prospective under Rule 60(b)(5)

11

where its 'only arguably prospective effect . . . is that it precludes relitigation of the issues decided.'" *DeWeerth*, 38 F.3d at 1276 (quoting *Picco v. Glob. Marine Drilling Co.,* 900 F.2d 846, 851 (5th Cir. 1990)).

As the Order "'require[d] nothing of the parties or the [Court] going forward'" it "is not prospective even though the parties remain bound by that judgment." *Nicosia v. Amazon.com, Inc.*, No. 21-2624-cv, 2023 WL 309545, at *2 (2d Cir. Jan. 19, 2023) (quoting *Tapper*, 833 F.3d at 171). For this reason, the Court denies any relief sought under Rule 60(b)(5).

**Rule 60(b)(6): Other Reasons**

Parties may move for relief under Rule 60(b)(6) for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Rule 60(b)(6) operates "as a catch-all provision that 'is properly invoked only when there are extraordinary circumstances justifying relief, when the judgment may work an extreme and undue hardship, and when the asserted grounds for relief are not recognized in clauses (1)–(5) of the Rule.'" *Metzler Inv. Gmbh v. Chipotle Mexican Grill, Inc.*, 970 F.3d 133, 143 (2d Cir. 2020) (quoting *Nemaizer v. Baker*, 793 F.2d 58, 63 (2d Cir. 1986)). Mr. Gallo's motion merely restates arguments – that he had provided notice of the claims against him and that such notice sufficed to trigger the indemnity clause of his 2008 agreement – that the Order considered and rejected, while identifying one new piece of information—the asserted closure of an office in 2009—that for reasons stated above does not warrant relief from the Order. The Court has carefully considered all of Mr. Gallo's contentions and concludes that he has identified no basis for relief under Rule 60(b)(6).

## CONCLUSION

For the reasons stated above, the relief Mr. Gallo seeks in the Letter, which the Court

12

construes as a motion for relief under Rules 59 and/or 60, is hereby **denied**.

**It is so ordered.**

Dated: New York, New York
      February 20, 2024

                                          *s/ David S. Jones*
                                          Honorable David S. Jones
                                          United States Bankruptcy Judge