UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

NOT FOR PUBLICATION

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| MatlinPatterson Global Opportunities Partners II L.P., *et al.*, | ) | Case No. 21-11255 (DSJ) |
| | ) | |
| Debtors.[1] | ) | (Jointly Administered) |
| | ) | |

## DECISION AND ORDER DENYING SECOND MOTION [ECF No. 1077] FOR RECONSIDERATION FILED BY MR. LUIZ EDUARDO GALLO

The Court has reviewed the 302-page submission [ECF No. 1077, the **"Second Reconsideration Motion"**] by Mr. Luiz Eduardo Gallo titled "New request based on Rule 60(b)(3) and Rule 59." Mr. Gallo is a self-represented individual who resides in Brazil and who previously submitted multiple substantively identical claims in the above-referenced bankruptcy case. On December 21, 2023, the Court granted Debtors' objections to the limited remaining portion of Mr. Gallo's claim or claims that had not been disallowed by an earlier order. *See* ECF No. 1061. Soon thereafter, Mr. Gallo filed a motion for reconsideration, which the Court denied on February 20, 2024. *See* ECF No. 1076. Mr. Gallo filed the Second Reconsideration Motion that is now before the Court on February 21, 2024.

This Decision and Order assumes familiarity with all prior proceedings in this case generally and all prior proceedings involving Mr. Gallo particularly. For reasons stated below, Mr. Gallo's Second Reconsideration Motion is denied.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, if any, are: MatlinPatterson Global Opportunities Partners II L.P. (8284); MatlinPatterson Global Opportunities Partners (Cayman) II L.P. (8246); MatlinPatterson Global Partners II LLC (6962); MatlinPatterson Global Advisers LLC (2931); MatlinPatterson PE Holdings LLC (6900); Volo Logistics LLC (8287); MatlinPatterson Global Opportunities Partners (SUB) II L.P. (9209). The location of the Debtors' address is: 300 East 95th Street, Suite 102, New York, New York 10128. As the Court found in its order of August 18, 2023, that Mr. Luiz Eduardo Gallo could only assert the claims at issue in this decision against debtor Volo Logistics LLC, *see* ECF No. 1005 at 1-3, all references to "Debtor" in the singular refer to that entity.

This Court has jurisdiction to consider the motion for reconsideration pursuant to 28 U.S.C. §§ 1334 and 157 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated January 31, 2012; this is a core matter pursuant to 28 U.S.C. § 157(b)(2); this Court may enter a final order consistent with Article III of the United States Constitution; venue of the Chapter 11 Cases and of this motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; the Court assumes for purposes of this decision that due and sufficient notice and service of the motion has been provided under the particular circumstances; and no other or further notice need be provided. Debtor has not filed a response to the Second Reconsideration Motion.

As it did in its prior rulings, the Court "read[s] the pleadings of [Mr. Gallo] liberally and interpret[s] them 'to raise the strongest arguments that they suggest.'" *In re Ditech Holding Corp.*, No. 19-10412 (JLG), 2021 Bankr. LEXIS 1489, at *8 (Bankr. S.D.N.Y. June 1, 2021) (quoting *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999)) (further citations omitted). Nevertheless, the Court concludes that the Second Reconsideration Motion fails to raise any matter that was not or could not have been raised before, and the motion accordingly is denied.

The Second Reconsideration Motion merely restates contentions Mr. Gallo has raised throughout these proceedings, namely, that he is a victim of a fraud or other misconduct by Debtors that has caused him economic harm. The motion recaps events dating back to 2006 if not earlier, pastes organizational charts and other documents, and sets forth timelines of factual contentions running from then through 2012. The Court has not identified any portion of the Second Reconsideration Motion that acknowledges or addresses any aspects of the Court's recent denial of Mr. Gallo's initial reconsideration motion. Mr. Gallo nowhere asserts that the materials he attaches to support his Second Reconsideration Motion represent new information or information

he could not have provided previously. In fact, Mr. Gallo represents that the materials he supplies in his Second Reconsideration Motion "have already been attached to the case file." Second Reconsideration Motion at 3. This admission warrants denying his Second Reconsideration Motion in light of the legal standards discussed below.

First, Mr. Gallo has not shown any basis for entitlement to relief under Rule 59, under which "reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012), *as amended* (July 13, 2012) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)). Furthermore, a Rule 59 motion cannot not serve as "an opportunity for a party to 'plug[] the gaps of a lost motion with additional matters.'" *In re Adelphia Commc'ns Corp.*, 639 B.R. 657, 661 (Bankr. S.D.N.Y. 2022) (quoting *Cruz v. Barnhart*, No. 04 Civ. 9794 (DLC), 2006 WL 547681, at *1 (S.D.N.Y. Mar. 7, 2006)) (further citations omitted). Similarly, "[a]rguments raised for the first time on a motion for reconsideration are therefore untimely." *Id.* (quoting *Cruz*, 2006 WL 547681, at *1) (further citations omitted).

Meanwhile, Mr. Gallo's Second Reconsideration Motion also fails to establish any grounds for relief under Rule 60(b)(3), which requires movants to "'show that the conduct complained of prevented the moving party from fully and fairly presenting his case.'" *State St. Bank & Tr. Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 176 (2d Cir. 2004) (quoting *Taylor v. Texgas Corp.*, 831 F.2d 255, 259 (11th Cir. 1987)) (further citations omitted). As noted above and in the decision denying his prior reconsideration motion, nothing Mr. Gallo has submitted to this Court shows that the Debtor has in any way prevented Mr. Gallo "from fully and fairly presenting his case." *See supra* at 2-3; ECF No. 1076 at 9-11; *State St. Bank*, 374 F.3d at 176. Lastly, though Mr. Gallo does not affirmatively seek relief under any other part of Rule 60(b), the Court notes that his Second

Reconsideration Motion does not warrant reconsideration under any of the other grounds set out in Rule 60(b).

**CONCLUSION**

For the reasons stated above, Mr. Gallo's Second Reconsideration Motion is hereby **denied**.

**It is so ordered.**


Dated: New York, New York
      March 18, 2024

                                  *s/ David S. Jones*
                                  Honorable David S. Jones
                                  United States Bankruptcy Jude