```
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
In re:                                                                Chapter 11

MATLINPATTERSON GLOBAL OPPORTUNITIES
PARTNERS II L.P.,
                                                                      Case No. 21-11255 (DSJ)

                        Debtors.
-------------------------------------------------------------------X
```

## ORDER DENYING MOTION TO REOPEN

The Court has considered the motion or motions to reopen the case, ECF Nos. 1083-84, filed by Mr. Luiz Eduardo Gallo ("Mr. Gallo"), along with associated materials that he contends justify reconsideration of prior decisions of this Court and/or other relief. Mr. Gallo bases his application on grounds including asserted new evidence; asserted "ineffective assistance of counsel" for Mr. Gallo (although he has represented himself in all recent proceedings before this Court); and asserted accounting fraud. *Id.* The Court also has reviewed the Objection filed by Liquidated Debtors. Obj., ECF No. 1085.

Debtors' Plan of Liquidation has been confirmed and the Liquidated Debtors report that they have been "wound down and dissolved," with distributions having been made according to the confirmed plan. *Id.* ¶ 4.

As the Liquidated Debtors observe, *id.* ¶ 5, whether to reopen a closed Chapter 11 bankruptcy case is governed by Section 350(b) of the Bankruptcy Code, which provides for reopening of closed cases "to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b). Mr. Gallo bears the burden of establishing cause to reopen the case, *see In re Easley-Brooks*, 487 B.R. 400, 406 (Bankr. S.D.N.Y. 2013), which courts in this District generally

assess by reference to factors including how long the case was closed, whether any parties would suffer prejudice should the Court grant or deny the motion to reopen, and whether it is clear at the outset that no relief would be forthcoming by granting the motion to reopen. *Id.* at 407. Further, in deciding whether to reopen a case, "it is appropriate for a bankruptcy court to consider the merits of the underlying claim," *In re HBLS, L.P.*, 468 B.R. 634, 639 (Bankr. S.D.N.Y. 2012) (citations omitted), and "a closed bankruptcy proceeding should not be reopened 'where it appears that to do so would be futile and a waste of judicial resources.'" *Redmond v. Fifth Third Bank*, 624 F.3d 793, 803 (7th Cir. 2010) (citations omitted).

      The uncontested representation that Liquidated Debtors have distributed all available estate assets makes the relief Mr. Gallo seeks inappropriate. Quite simply, reopening a case to allow Mr. Gallo to continue to pursue complaints and claims that Mr. Gallo has asserted for many years makes no sense, would waste judicial resources, and would be futile. Moreover, the Court has considered Mr. Gallo's submission and sees no merit to his claim. In brief, his application primarily rehashes arguments and purported evidence that he has raised in previous applications that the Court has denied, with no timely appeal taken; Mr. Gallo has proceeded *pro se* and therefore cannot secure relief based on supposed ineffective assistance of counsel, *Faretta v. California*, 422 U.S. 806, 834 n.46 (1975) (a "defendant who elects to represent himself cannot thereafter complain that the quality of his own defense amounted to a denial of 'effective assistance of counsel'"); and the Court does not understand Mr. Gallo to have identified any genuinely "new" evidence that could justify reopening and reexamining the Court's prior rulings even if there were estate assets available to fund any possible order in Mr. Gallo's favor. Even if this were not so, reopening would be inappropriate because the Court will exercise its discretion "only . . . in circumstances where relief may ultimately be afforded to a party." *In re Mardy*, No. 10-73819, 2011 Bankr. LEXIS 880

(Bankr. E.D.N.Y. Mar. 15, 2011).

For these reasons, Mr. Gallo's motion to reopen is DENIED. It is so ordered.

Dated: New York, New York
August 29, 2024

                                        s/ *David S. Jones*
                                        Honorable David S. Jones
                                        United States Bankruptcy Judge